BENNET *against* D. SMITH and PHELPS.

THIS was an action of *assumpsit* on twelve promissory notes, dated *June* 3, 1811, for twenty-five dollars each, made by the defendants, payable to *Caleb M. Fitch,* or bearer, on the 1st of *June,* 1812. Plea, *non assumpsit.* The cause was tried at the *Cortlandt* circuit, in *June,* 1817, before Mr. Justice *Platt.*

The defence, at the trial, was usury; to prove which, the defendants called *Abner Humphreys* as a witness, who testified, that in *May,* 1811, *Fitch* applied to him for a loan of a sum of money, which he declined lending, but said, that if *Fitch* had any good notes, he would purchase them. A few days afterwards, *Fitch* brought the witness several notes, executed by the defendants, amounting in the whole to 363 dollars, including the notes on which this suit was brought, which the witness purchased, at a discount of twenty-one per cent, or for 300 dollars. The witness said, that at the time of the purchase, he did not know but that the notes were given by the defendants to *Fitch* in the ordi-

A note made for the accommodation of the payee, for the purpose of raising money on it, at an usurious rate of interest, and sold by him, at a discount greater than the lawful rate of interest, is void.

nary way of business; and that it was not previously agreed that these, or any other notes of the defendants, should be procured for that purpose; that the witness merely agreed to purchase notes to about that amount, at a discount of twenty-one per cent.

The defendants then offered D. Edwards as a witness, to prove that Fitch applied to the defendants for a loan of their notes to him, for 363 dollars, and informed them that he had agreed with H. to sell the notes to him for 300 dollars; and that the notes were accordingly executed by the defendants for that purpose. This evidence was objected to on the ground, that as between the original parties there was no usurious contract, and that the facts offered to be proved were not sufficient to make the notes void for usury, unless it was shown, either that it had been previously agreed between H. and F. that the notes in question should be obtained for that purpose, or that H. knew at the time that the notes were not given to F. in the course of business, but were executed merely for his accommodation, for the purpose of selling them to H. at a discount.

The judge overruled the objection, and the witness testified, that Fitch applied to the defendants for their notes, and told them that he had agreed with H. for 300 dollars, at twenty-one per cent. discount; that there must be fourteen notes of twenty-five dollars each, and one note of thirteen dollars, making together 363 dollars; that the defendants agreed to make the notes for that purpose, and they accordingly executed them. The defendants offered to prove the confessions of H. in regard to the transaction, while the notes were in his hands. The evidence was objected to, but the judge decided that it was admissible. Barna Smith, the witness, testified, that in 1812, he applied to H. for a loan of money, and H. said he could not lend the money, unless he could obtain payment from the defendants of money he had lent them, which the witness understood from H. to be 300 dollars, for which he had taken their notes for 365 dollars.

The judge charged the jury, that if they believed the testimony of Edwards, and that the notes in question were made by the defendants to Fitch, to enable him to raise the

sum of 300 dollars from *H.* at an interest of twenty-one per cent., and that *F.* so obtained the money, the contract was usurious, and the notes void, under the statute; that it was immaterial whether *H.* knew the manner in which *F.* obtained the notes; he took them at his peril, and though he may have supposed them to have been given in the ordinary course of business, they were, nevertheless, void.

The plaintiff having been nonsuited, a motion was now made to set the nonsuit aside.

*Collyer*, for the plaintiff, contended, **1.** that the evidence of *B. Smith* was improperly admitted, as it went to discredit *Humphrey*, the defendants' own witness; though they might prove facts *aliunde*, that would discredit him. (*Phillips' Ev.* 213. 214. *Bull. N. P.* 297. 1 *Taunt.* 377. *Peake's Ev.* 125, 126. *Swift's Ev.* 143, 144.)

**2.** The transaction was not usurious.

Van Ness, J. The case of *Munn* v. *The Commission Company*, (*ante*, p. 44.) is decisively against you in this point. We decided that a note made for the purpose of being discounted at an usurious interest, and indorsed for the accommodation of the maker, was void in its original formation.

*Sherwood*, contra, was stopped by the court.

*Per Curiam.* The motion to set aside the nonsuit must be denied.

Motion denied.