Jones, Chancellor.'
It is evident from the opinion of the supreme court, that the cause turned there on the single point of competency. The sole object of the writ of error is defeated, if things remain in their present shape. But we ought not to hear and decide the question of amendment ex parte. Counsel should- be heard on both sides; and for that purpose, perhaps a motion be regularly made. I am free to say, however, that I would not inquire whether there be, j ust now, any thin'g in the supreme court which can be brought up. The practice of that court is well known. They will- even allow an original to be filed nunc pro tunc, to be brought up after the want of it has been assigned for error. In The Manhatten Company v. Osgood, (1 Cowen, 65,) this court allowed the assignment of errors to be withdrawn, in order to a motion below, so to amend the continuances by cur. adv. vult, as to avoid the statute of limitations, which had nominally attached; and also, by entering an old bill of exceptions upon the roll. These amendments were granted by the court below; the amended record then came here on a writ of certiorari; and the cause was heard, and the judgment of the supreme court reversed. (3 Cowen, 612.)

 Chapman v. Black, 2 B. & A. 688, & P.