W. F. Allen, J.
The referee has found that the transaction was in good faith a sale of the note of Viele by Robert Titus to the plaintiff, and that it was not a device and cover for usury. The only question is, therefore, whether the undertaking and agreement of the defendant was, under the circumstances established, per se usurious and void. The note of Viele, given in exchange for the note of Robert Titus, was given upon a valid consideration, and was an available instru *200 ment in the hands of'the latter; and a purchase of it at a discount would not have been usurious. The purchaser would hold it as a valid security for the full amount against the maker. (Rice v. Mather, 3 Wend., 62; Dowe v. Schutt, 2 Denio, 621; Powell v. Waters, 8 Cow., 669; Cameron v. Chappell, 24 Wend., 94.) An endorsement or guaranty of the absolute payment of the note by the maker at maturity, would not convert the sale of the note into a loan of money upon the security of the note and fender the transaction usurious. In such case the endorsér or guarantor, would only be' liable for the amount actually paid for tíre note, with interest thereon. (Munn v. The Commission Company, 15 John., 44; Braman v. Hess, 13 id., 52; Rapelye v. Anderson, 4 Hill, 472; Brown v. Mett, 7 John., 361; Cram v. Hendricks, 7 Wend., 569; Mazuzan v. Mead, 21 id., 285.) In the cases cited, the courts have gone behind the contracts of the parties and have received evidence of the consideration of the agreements, in order to limit the liability bfthe contracting parties and uphold the transaction. The contract in each of the cases was upon its face for the payment by the endorser, guarantor, or security of the whole amount secured to bé paid by the instrument negotiated, but the courts held that the recovery should nevertheless be limited to the amount actually paid as a consideration for the undertaking; thus, to some extent varying the terms of the contracts. Some of these cases have not been entirely satisfactory to the profession, but they have been decided by the court of last" resort and are obligatory upon all inferior tribunals.
Applying the principles upon which these decisions proceed to this case, the" obligation of the defendant must, under the finding of the referee upon the - question of fact, be held to be free from the taint of usury. The note is, in'form, the joint and several promissory note of the defendant and Yiele, and the makers might have been sued jointly or severally thereon. (Story on Prom. Notes, § 57.) The plaintiff has by his proceedings in this action elected to proceed against *201 the defendant as a several maker. Whether the proceedings have been entirely regular it is not important to decide, as no obj ection is made to the practice adopted. As before said, the referee has found that the transaction was, in good faith, a sale of the note of Yiele, and that the undertaking of the defendant was collateral to that of Yiele. Had he endorsed the note at the request of Robert Titus, under these circumstances, his endorsement would have been valid. So, had he signed an agreement by which he had guaranteed the payment of the note at maturity, it would not have been usurious, but would have been a valid agreement, to the amount paid for the note, with interest thereon. (Mazuzan v. Mead, supra.) The fact that he was a surety for the seller of the note, and the consideration of the transfer and of his undertaking was paid to another and not to himself, would not affect his liability. (Rapelye v. Anderson, 4 Hill, 472.) In the case cited, the assignor of a bond and mortgage for an amount less than the amount secured to be paid thereon, gave a bond with security in a penalty double the amount of the bond and mortgage, conditioned for the payment by the mortgagor of the whole amount thereof, and this was held to be a valid obligation, and the obligors liable thereon, but only to the amount actually advanced for the bond and mortgage. If in that it was proper, notwithstanding the form of the obligation, to go behind the instrument and ascertain the consideration, with the view to limit the liability of the obligors and uphold the transaction, it must be proper to do so in the case of a simple contract. In this case, the defendant, instead of endorsing the note, as in Cram v. Hendricks, or guaranteeing the payment thereof, either by his simple contract, as in Mazuzan v. Mead, or by his bond, as in Rapelye v. Anderson, has signed his name as “ security” to the note of Yiele, and thus become a joint and several maker thereof, and apparently liable, for the amount specified therein, but really liable, within the cases, only for the amount actually advanced by the plaintiff. This was the *202 extent of his liability, and if so all pretence of usury vanishes. The note is none the less the several note of Viele, and valid as such, because the defendant has subscribed his name to it as surety and thus become collaterally liable for its payment. A difficulty might arise in treating it as a joint note, but that is obviated in this case. It was in effect the transfer of the severaLnote of Yiele, and the giving by the defendant of his several note to secure its payment; and of such a transaction usury cannot be predicated. No matter what form the transaction may assume, or in what way the party may bind himself, if. the obligation is assumed upon the transfer of an instrument, valid at the time of the transfer in the hands of the assignee, the liability is limited to the amount actually paid, if the cases referred to are to be regarded as law. (Mumford v. Am. Life Ins. and Trust Co., 4 Comst., 463.) If they are to be reviewed and reversed, or limited in their application, it must be done by a higher tribunal.
The defendant again appealed to this court, and after argument by J. W. Loomis for the appellant, and J. Huger for the respondent, all the judges agreed that the judgment should be affirmed, for the reasons given by Allen, J., below.
Judgment affirmed.