*D. McDonald*, for the appellants.

---

## SPEER *v.* SPEER.

A party can not prove in support of his title, the contents of a deed which has been destroyed by his own voluntary act or consent.

A demurrer was sustained to a paragraph of an answer, but the plaintiff, to maintain his case, was compelled to enter upon a course of evidence that covered the ground set up in the paragraph, and rendered evidence of the facts alleged therein admissible. The defendant also adduced evidence to prove those facts. *Held*, that whether the Court erred in overruling the demurrer, was unimportant.

A title vested by deed in several persons jointly, can not be divested by the destruction of the deed by one of the grantees, without the consent of the others.

The voluntary surrender and destruction of an unrecorded deed, may, perhaps, have the effect of divesting the title of the grantee, by estopping him afterward from proving the contents of the instrument.

Friday,
December 7.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.——Action to recover possession of the undivided half of certain real estate.

The defendant denied each and every allegation in the complaint.

And he answered that the plaintiff and the defendant purchased the land jointly, each agreeing to pay one-half of the purchase-money, and both agreeing further, that if the plaintiff failed to pay the one-half, the defendant might pay the whole, and become the sole owner of the land; that the plaintiff did fail to pay; that the defendant paid

the whole, and, by consent of plaintiff, took possession and received the deed for the whole of the land, &c.

The Court sustained a demurrer to this answer, the cause was tried upon the replications to the general denials, and a judgment rendered that the plaintiff recover, &c.

On the trial the plaintiff proved the joint purchase by himself and the defendant of the land, the payment for it in the presence of both purchasers, and the reception of a joint deed from the seller by them, which was left with defendant. He. further proved that the defendant, in his absence, subsequently surrendered that deed to be cancelled, and procured another purporting to convey the whole of the land to himself; that the defendant was in the exclusive possession, claiming the entire interest, &c.

This was substantially all the evidence in the cause.

It is unimportant to inquire into the correctness of the ruling of the Court below upon the demurrer, as the whole question upon the title necessarily came up on the trial upon the general denial of the plaintiff's right. The plaintiff, to make out his case, was compelled to prove title. Of this his deed would be the best evidence. But this deed had been destroyed, and he was driven to prove its contents. This, he would not be permitted to do, if the deed had been surrendered and destroyed by his own voluntary act or consent. *Wilson et ux.* v. *Cassidy et al.*, 2 Ind. R. 562, and authority cited. Hence, he was compelled to, and did, enter upon a course of evidence that covered the whole ground assumed in the answer, and enabled the defendant to prove the facts set up in it if he could. He attempted, and failed, and the case rests upon the first deed of conveyance. That joint deed from the seller of the land to the plaintiff and defendant vested in them jointly the title, and the destruction of it by one of the grantees without the consent of the other, did not have the effect to divest the joint title. Hence, the plaintiff had a right to recover. The voluntary surrender and destruction of an unrecorded deed, may have the effect of divesting the title of the grantee by estopping him from proving the contents of the

Nov. Term,
1855.

destroyed instrument, and thus disabling him to establish title in himself.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*B. W. Wilson, S. A. Bonner, J. S. Scobey* and *W. Cumback,* for the appellant.

