Nov. Term,
1860.

REED
v.
HELM.

REED *v.* HELM.

Suit upon a promissory note. The defendant pleaded usury. The testimony showed that the appellee had purchased a note on the appellant, upon which there was then due $227.30; that in consideration of an agreement to forbear suit from *May* 13, 1858, until *February* 9, 1859, a new note was given for the sum of $248; that the amount of $20.70, which was added, was not intended by either party as interest.

*Held,* that the amount added to the note, in consideration of forbearance, must be regarded as interest, though the parties may not so have understood it; and being at a greater rate than is allowed by law, the contract was usurious.

*Wednesday,*
*December* 19.

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—*Helm,* who was the plaintiff, brought this action against *Reed,* on a promissory note for the payment of $248. The note bears date *May* 13, 1858, and is payable *February* 9, 1859. ˋ

Defendant's answer contains two paragraphs: 1. "That defendant, on *February*, 9, 1856, had executed his note for $200, with interest, due at twelve months, to one *Joshua Crawford,* who assigned the same to one *Vincent H. Gregg,* who assigned it to the plaintiff; and the note having become due, the plaintiff, afterward, on *May* 13, 1858, demanded payment of the defendant, who was unable to pay, &c. And it was then corruptly and usuriously agreed, by plaintiff and defendant, that if defendant would execute another note for $248, due *February* 9, 1859, he, plaintiff, would deliver up the first note. It is averred that the real value of the note in suit, at the time it was executed, was $227.30 instead of $248, corruptly and usuriously demanded and received by the plaintiff; and that the sum of $20.70, (the difference between the assigned note and the one sued on,) was more than legal interest for the time the latter note had to run, viz.: from *May* 13 to *February* 9, &c. 2. That the note set forth in the complaint was executed, by defendant to plaintiff, in consideration of a debt due to him, by the defendant, for $227.30; and that $20.70 was corruptly and usuriously charged by the plaintiff, as interest thereon, from the date of said note, viz.: from *May* 13, 1858 until *February* 9, 1859; which interest

Nov. Term,
1860.

REED
v.
HELM.

was, and is, more than six per centum per annum, viz.: twelve per centum per annum; and defendant avers, that said $20.70 was corruptly and usuriously contracted for between the parties, and charged by the plaintiff as interest, and inserted in the note," &c.

Plaintiff demurred to each paragraph of the answer. To the first, the demurrer was sustained; but to the second, it was overruled, and thereupon the plaintiff replied to the latter paragraph by a *general traverse.* The Court tried the issue, and found for the plaintiff, $249.65. The evidence, which is all set out in the record, consists exclusively of the plaintiff's answers to certain interrogatories propounded to him by the defendant. In his answers he says: "The note in suit was given by the defendant, for a note executed to one *Joshua Crawford,* which was assigned by *Crawford* to one *Gregg,* who assigned it to me. The amount of the assigned note and interest thereon, at the date of the note sued on, was $227.30. I desired payment of the assigned note, and sent word to the defendant that he must pay, or I would sue. He came to see me, and agreed to pay a certain sum if I would not collect the note by suit, or insist on its payment, until *February* 9, 1859. The amount which he agreed to pay for the forbearance to sue was $20.70, which amount was included in the note set forth in the complaint. This amount was not added as interest, but on defendant's proposition. No interest was computed by either party. I preferred the money due on the assigned note, but consented to the renewal, at the defendant's solicitation, and upon his agreement to pay the $20.70 for forbearance," &c.

The action of the Court upon the demurrer to the first paragraph of the answer, is assigned for error. We are unable to perceive the ground upon which that defense was adjudged defective. Indeed, it seems to be unobjectionable. Still, however, the error of the Court in sustaining the demurrer, can not be allowed to reverse the judgment; because the second defense, upon which issue was taken, was an effective bar to the action; and under it, the same evidence was admissible as would have been allowable under the defense first pleaded. 7 Ind. 178, 374, 529; 6 *id.* 262.

Nov. Term.
1860.

REED
v.
HELM.

But the main inquiry, in the case, relates to the evidence. Does it sustain the defense of usury? The statute says: "Interest on the loan *or forbearance of money*, goods or things in action, shall be at the rate of six dollars a year upon $100; and no greater rate of interest shall be taken *directly or indirectly*. But it may be taken yearly, or for any shorter period, in advance, if so expressly agreed." And, "If a greater rate of interest than is hereinbefore allowed, shall be contracted for, received or reserved, the contract shall not, therefore, be void; but if, in any action on such contract, proof be made that illegal interest has been *directly or indirectly* contracted for, taken or reserved, the defendant shall recover cost, and the plaintiff shall recover only his principal, without interest," &c. 1 R. S., §§ 1–4, pp. 343, 344. Thus, it will be seen, that it is illegal to contract for, reserve or receive, directly or indirectly, for the loan or forbearance of money, a greater rate of interest than "six dollars a year upon $100." Was such interest contracted for in this case? The plaintiff, in his testimony, says: "The $20.70 was not added in the note as interest, but on defendant's proposition. I preferred the money on the assigned note, but consented to a renewal of it, at the defendant's solicitation, and upon his agreement to pay $20.70 *for forbearance.*" Now, the parties, as they understood the law, may not have regarded the amount added to the note as interest; but we think they were mistaken. The transaction, as detailed by the plaintiff, seems to be in direct violation of the statute to which we have referred; because, in the sense of the statute, there was "a forbearance of money," $227.30, from *May* 13, 1858 until *February* 9, 1859, for which it was expressly agreed that the defendant should pay, and the plaintiff receive, an amount greater than the legal rate of interest. In our opinion, the facts proved on the trial make a very clear case of usury, and, consequently, the motion for a new trial should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Jno. S. Reid*, for appellant.

*B. F. Claypool*, for appellee.