HORACE B. CLAFLIN et al., Appellants, *v.* WILLIAM B. BOORUM al., Respondents.

Defendants, in their firm name, made two promissory notes which they delivered to F., a note broker, for sale at a rate not exceeding six per cent per annum. F. sold them to S. at a discount of ten per cent, and shortly after failed, owing defendants the whole amount of the proceeds. In an action upon the notes, wherein plaintiff claimed to be a *bona fide* purchaser, *held*, that the transaction with S. was a loan by him to defendants, obtained through the agency of F., and more than the legal rate of interest having been charged the loan was usurious, the notes void, and so, plaintiff could not maintain the action.

It appeared that F., before his failure, in order to keep up his credit, frequently credited to his employers, and, among others, to defendants, the proceeds of notes delivered to him for sale, as if sold at or under the legal rate, when in fact he had sold them at a usurious rate, paying the difference himself. *Held*, that the notes being void in their inception, no subsequent transaction could make them valid; and, therefore, even if F. had subsequently paid to defendants the excess of interest from his own funds, this would not have validated the notes.

(Argued October 8, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 1, 1886, which affirmed a judgment in favor of defendants entered upon a verdict, and also an order denying a motion for a new trial made upon the minutes.

This action was brought upon two promissory notes for $5,831.92 each, dated respectively August 12 and August 26, 1882, made by the defendants under their firm name of "Boorum & Pease," and payable to their own order four months after date. The defenses interposed were fraudulent diversion and usury.

Upon the trial it appeared that said notes, although bearing the dates above mentioned, were not in fact made until September 5, 1882, when they were delivered by the defendants to one Alonzo Follett, a note broker, for sale at a rate of interest not exceeding six per cent per annum. Evidence was given tending to show that Follett discounted the notes

himself by agreeing to lend to the defendants the amount thereof less legal interest, and crediting the same in an account that he had with them upon his books. The jury found, however, upon a conflict of evidence, that he never owned the notes, and that his only connection therewith was as a note broker. Follett sold the notes to one Seney, before they had an inception, at a discount which made the interest reserved amount to ten per cent per annum, and shortly afterward failed, owing the defendants not only the entire proceeds of the notes in question, but also the proceeds of several others, aggregating a large sum, that had been entrusted to him for sale under similar circumstances.

It also appeared that he had been employed for several years by the defendants and many other firms in good credit, to sell their accommodation paper on the best terms that he could, but not to exceed the legal rate of interest. He opened accounts with his principals in which he credited to them the proceeds of notes when sold, less his commissions, and charged to them the checks which they drew upon him. Before he failed he had become largely indebted to those who thus employed him, and in order to keep up his credit and induce them to let him have more notes to sell he frequently credited the proceeds of notes as if sold at or under the legal rate when he had been compelled to sell them at a usurious rate. He even credited paper that he had disposed of at twenty-four per cent as sold at from three and one-half to five per cent. He paid the difference himself as long as he could, but was soon forced to make an assignment.

*Henry Thompson* for appellants. The uncontradicted facts of this case, as set forth by the defendant Pease and his witness Seney, do not make out the defense of usury, upon which alone the defendants had a verdict. (4 R. S. [8th ed.] chap. 4, § 5; *W. Bank* v. *Webb*, 39 N. Y. 325; *R. E. Co.* v. *Kuch*, 69 id. 248; *Morton* v. *Thurber*, 85 id. 550; *Guggenheimer* v. *Geiszler*, 81 id. 293; *Bevier* v. *Covell*, 87 id. 50; *Estevez* v. *Purdy*, 66 id. 446.) The court erred in denying plaintiffs'

motion for the direction of a verdict on the second defense, and in refusing to charge that the transaction with Seney did not constitute usury as to defendants. (*Billington* v. *Wagoner*, 33 N. Y. 31; *Furman* v. *Swart*, 4 Lans. 263; *Savacool* v. *Boughton*, 5 Wend. 170; *Madison Univ.* v. *White*, 25 Hun, 490, 496; *Williams* v. *Tilt*, 36 N. Y. 319; *Dix* v. *Van Wyck*, 2 Hill, 522; *Clarke* v. *Sheehan*, 47 N. Y. 188; *Phillips* v. *Mackellar*, 92 id. 34; *L. I. Bk.* v. *Boynton*, 105 id. 656; *Stillman* v. *Northrup*, 109 id. 473, 477; *Baldwin* v. *Doying*, 114 id. 452, 457; *Durant* v. *Abendroth*, 12 J. & S. 463.) The submission of the case to the jury by the learned judge at Circuit, with leave to find the defense of usury available against plaintiffs, because plaintiffs had not shown, by testimony, that they were holders for value, was erroneous, because of the admissions contained in the pleadings. (Code Civ. Pro. § 522; *Dunham* v. *Cudlipp*, 94 N. Y. 129, 134; *Fleischmann* v. *Stern*, 90 id. 111; *Barnes* v. *O. Bank*, 19 id. 152; *Dalrymple* v. *Hillenbrand*, 62 id. 5; *James* v. *Chalmers*, 6 id. 209; *M. Bank* v. *Foster*, 44 Barb. 87; Byles on Bills, 118; *Turnbull* v. *Bowyer*, 40 N. Y. 456.)

*John E. Parsons* for respondents. The plaintiffs are not entitled to a new trial because of the omission of the defendants to prove that Messrs. Claflin & Co., the plaintiffs, took the notes with notice of Follett's fraud in disposing of them in violation of his arrangement with the defendants and applying the proceeds to his own use. (*Ahern* v. *Goodspeed*, 72 N. Y. 109; *Eastman* v. *Shaw*, 65 id. 522; *Sweet* v. *Chapman*, 10 Hun, 576; *Bennett* v. *Smith*, 15 Johns. 354; *Hall* v. *Earnest*, 36 Barb. 585; *Hartor* v. *Bloom*, 1 J. & S. 115; *Dows* v. *Rush*, 28 Barb. 180; *Wooster* v. *Sage*, 67 N. Y. 72; *Parsons* v. *Brown*, 12 Barb. 594; *A. Dock Co.* v. *City of Brooklyn*, 3 Keyes, 443.)

VANN, J. The sale of accommodation paper is merely a loan of money, the purchaser being the lender and the seller the borrower. (*Clark* v. *Sisson*, 22 N. Y. 312, 316; *Newell*

v. *Doty,* 33 id. 83, 85 ; *Eastman* v. *Shaw,* 65 id. 528, 530 ; *Tiedemann* v. *Ackerman,* 16 Hun, 307 ; 84 N. Y. 677 ; *Miller* v. *Zeimer,* 111 id. 441, 444.)

The notes in question had no legal inception when sold to Seney, and the transaction, therefore, was a loan by him to the defendants, through the agency of Follett. On or about the 5th of September, 1882, Seney, the lender, delivered $5,668.30 to Follett for the defendants, the borrowers, and received therefor their promise to pay $5,831.92 on the fifteenth of December following, and thus the note of August twelfth was disposed of. At about the same time Seney delivered $5,645.62 to the agent of defendants for them, and received therefor the note of August twenty-sixth, which was a promise to pay $5,831.92 on the twenty-ninth of December then next. Seney thus exacted a promise to pay interest at a prohibited rate, and the promise, by force of the statute, was void. (4 R. S. [8th ed.] 2513, § 5.) Upon the delivery of the notes to Seney and the payment by him of said sums, the transaction was complete. It was either innocent or guilty then, independent of what might afterward transpire. Even if Follett had subsequently paid the excess of interest to the defendants from his own funds, it would not have rendered valid that which the statute had already condemned as void. An agreement to do so, whether expressly made or implied from a previous course of dealing, could have no greater effect than actual payment. The loan, when made, was a violation of the statute, and the notes were thus rendered absolutely void and no subsequent transaction could make them valid. Even if, as the plaintiffs claim, they purchased the notes before maturity for value and without notice, they cannot enforce them, because the vice of usury follows a promissory note into the hands of a *bona fide* holder. A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is as void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract. No vitality can be given to it by sale or exchange, because that which the statute has declared void cannot be

made valid by passing through the channels of trade. (*Powell v. Waters,* 8 Cow. 669; *Wilkie v. Roosevelt,* 3 Johns. Cas. 206; *Bennet v. Smith,* 15 Johns. 355, 357; *Miller v. Hull,* 4 Den. 104, 107; *Miller v. Zeimer,* 111 N. Y. 441, 444.)

Even the principle of estoppel, when applicable, does not render such a note valid, although it may prevent one who has represented it to be valid from asserting that it is void, to the injury of those who have acted in reliance upon the representation.

After examining all the exceptions contained in the record, we find none that should reverse the judgment, which must, therefore, be affirmed.

All concur.

Judgment affirmed.