### RODECKER et al. v. LITTAUER.[1]

### LITTAUER et al. v. RODECKER et al.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

Nos. 250, 251.

1. **Review on Error—Trial to Court—General Finding.**
When the case is tried to the court without a jury a general finding has the same effect as the verdict of a jury, and prevents all inquiry into the special facts and conclusions of law upon which the finding rests. Walker v. Miller, 59 Fed. 869, and Bowden v. Burnham, Id. 752, followed.

2. **Usury as Defense—Accommodation Paper.**
An answer averring that the note sued on was made by defendants for accommodation of the payees, who discounted it with plaintiffs at an illegal rate of interest, states a good defense under the New York law, without averring that plaintiff knew it to be accommodation paper at the time of taking it.

8. **Same—Bona Fide Holders.**
No one can become a bona fide holder of a note or bill which, by statute, is void for usury.

In Error to the Circuit Court of the United States for the District of Kansas.

[1] Rehearing pending.

At Law. Actions by Harriett Littauer, Oscar L. Richards, and Lucius N. Littauer, executors of Nathan Littauer, deceased, against Jacob Rodecker and Samuel Cohen, partners under the name of J. Rodecker & Co., and by Lucius N. Littauer against the same defendants, on certain promissory notes. In both cases a jury was waived, and the causes were tried together by the court, which rendered judgment for defendants in the first-named action and for plaintiff in the second. Plaintiffs in the first action and defendants in the second action appeal. The appeal in the first-named cause is numbered 250 and in the second 251. Both judgments affirmed.

J. D. McCleverty and W. R. Biddle, for Rodecker and others.

W. C. Perry, for Littauer and others.

Before CALDWELL, Circuit Judge, and THAYER, District Judge.

CALDWELL, Circuit Judge. These cases are between the same parties, and involve substantially the same issues. They were tried together in the lower court, and, by stipulation of the parties, have been submitted in this court, in the same manner. The parties filed with the clerk below a stipulation in writing, waiving a jury, as provided by section 649, Rev. St., and the cases were tried by the court, whose finding was general in both cases.

The only error assigned in case No. 251, in which the judgment below was for the plaintiff, is that, upon the facts proved, the judgment ought to have been for the defendants, and we are asked to review the evidence, and reverse the general verdict of the lower court on the facts. We have decided in two cases at the present term (Walker v. Miller, 59 Fed. 869, and Bowden v. Burnham, Id. 752,) that when a case is tried by a court without a jury a general finding of the court has the same effect as a verdict of a jury, and prevents all inquiry in this court into the special facts and conclusions of law upon which the findings rest. No exceptions were saved to the rulings of the court in the progress of the trial. The judgment in case No. 251 must therefore be affirmed.

In case No. 250 the judgment was for the defendants upon a general finding in their favor by the court. All the assignments of error in this case, with a single exception, rest on the asserted insufficiency of the evidence to support the general finding of the court below, and need not be further noticed.

The defendants filed an answer, to which the plaintiffs filed a reply. Upon this state of the pleadings the plaintiff in error at the trial objected to the introduction of any evidence, upon the ground that the answer did not state facts to constitute a defense to the petition. The objection was overruled, to which ruling exception was taken. It is said that under the Kansas practice such an objection can be made to perform the office of a general demurrer to a pleading after issue has been joined thereon. It would seem to be an untimely and unsatisfactory mode of testing the sufficiency of a pleading. Assuming that it is proper prac-

tice under the Kansas Code, we will consider the sufficiency of the answer. It avers, in substance, that the note sued on was accommodation paper made by the defendants payable to the order of Levy Bros. & Co., to be discounted by them in the city of New York, where the note was payable, solely for their accommodation and benefit, and to be paid by them at maturity, and that Levy Bros. & Co. discounted the same in the city of New York to the plaintiff at a rate of discount which made the interest reserved amount to 8 per centum per annum,—2 per centum in excess of the rate allowed by the laws of the state of New York,—and that by the laws of that state this rendered the note usurious and void. It is said the answer is defective in that it does not allege the plaintiff knew at the time he discounted the note that it was accommodation paper.

This allegation was not necessary. Upon the averments of the answer, while the note remained in the hands of Levy Bros. & Co., it was not a binding contract. They could not have maintained a suit upon it. It was only by the negotiation of the note by Levy Bros. & Co. that it could become a binding contract. Its negotiation by them was essential to give it life. It seems to be well settled by the court of appeals of that state that the discount of accommodation paper is merely a loan of money, the purchaser being the lender and the seller the borrower; and that if, in making such discount, the rate of interest reserved is in excess of the rate of interest allowed by the laws of the state, it avoids the contract. Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360; Eastman v. Shaw, 65 N. Y. 522; Dickinson v. Edwards, 77 N. Y. 573; Jewell v. Wright, 30 N. Y. 259; Bank v. De Shon, 41 Ark. 331; Tilden v. Blair, 21 Wall. 241.

The plaintiff cannot shelter himself under the plea of a bona fide purchaser for value before maturity of negotiable paper. The note, being accommodation paper, did not become a binding contract until after the negotiation; and in the very act of negotiation the plaintiff did that which rendered it void by statute, so that it never, at any time, took effect as a valid and subsisting contract.

Moreover, no one can become a bona fide holder of a note or bill which the statute declares to be void for usury. Such a note is void in its inception, and the rights of a bona fide holder for value do not attach to an instrument made void by statute. See authorities cited above, and particularly Bank v. De Shon, supra, where there is a full collection of the authorities by Battle, J., who delivered the opinion of the court.

The judgment of the circuit court is affirmed.