(8 Misc. Rep. 323.)

### WHEDON v. HOGAN et al.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. USURY—EFFECT AS TO BONA FIDE PURCHASER OF NOTE.
　　Where an accommodation note is purchased from the payee at a usurious rate, it is void as against the accommodation maker, though the payee represented to the purchaser that it was business paper.
2. SAME—ESTOPPEL.
　　A statement, by the accommodation maker of a note to an intending purchaser, that the signature "is all right," does not estop him from interposing the defense of usury as against such purchaser.

Appeal from ninth district court.

Action by Charles H. Whedon against James Hogan, impleaded with another. There was a judgment in favor of defendant Hogan rendered by the justice without a jury, and plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Frank Moss, for appellant.

Percy L. Klock, for respondent.

GIEGERICH, J. This action was brought upon the following promissory note:

"$100.　　　　　　　　　　　　　　　New York, Jan. 24, 1893.

"Three months after date I promise to pay, to the order of W. H. Ruffhead, one hundred dollars, at No. 36 Beekman St., New York City. Value received.
　　　　　　　　　　　　　　　　　　　　　　"James Hogan."

—Which Ruffhead transferred to the plaintiff for $80. Judgment by default was rendered against Ruffhead; but Hogan set up the defense of usury, and judgment was rendered in his favor against

the plaintiff. The evidence was conflicting as to whether this was an accommodation or a business note; but the trial justice evidently found upon this issue for the defendant, and there is no sufficient ground for disturbing his decision. Kelly v. Walton, 6 Misc. Rep. 152, 26 N. Y. Supp. 3; Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Dempsey v. Paige, 4 E. D. Smith, 219. The rule is firmly established that the purchaser of accommodation paper at a usurious rate is not excused by reason of his lack of knowledge of its character (Clark v. Sisson, 22 N. Y. 312; Eastman v. Shaw, 65 N. Y. 522, 530; see, also, Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360, and cases cited); and, even though the payee represents that it is business paper, it is usurious and void as to the maker (Dowe v. Schutt, 2 Denio, 621, 624; Holmes v. Williams, 10 Paige, 326, and cases cited).

This makes the question of Ruffhead's alleged representations, at the time of the sale, that the note was for commissions, immaterial as between the plaintiff and Hogan.

Estoppel is claimed, based upon the following letter:

"New York, Jan. 26, 1893.

"Mr. Whedon—Dear Sir: The signature is all right on the note for $100.00, W. H. Ruffhead.                                              James Hogan."

—Which was sent in reply to a note of inquiry from the plaintiff before he consented to deal with Ruffhead, with whom all his interviews were had. We can see in this no more than what, upon its face, it purports to be,—a certificate to the genuineness of the signature. Another letter and a conversation between plaintiff and Hogan are also relied upon; but both were subsequent to the discounting of the note, and do not appear to have influenced the plaintiff to his detriment. The judgment should be affirmed, with costs.