THE FREEPORT BANK, Respondent, *v.* GEORGE HAGEMEYER and CASPER HAGEMEYER, Composing the Firm of GEORGE HAGEMEYER & SONS, Appellants, Impleaded with WILLIAM II. CHEW and C. F. CHELLBORG.

*Usury — legal inception of an accommodation note — loan by a purchaser to the maker through agents.*

In an action brought to recover upon a promissory note to which the makers interposed the defense of usury, it appeared that the note was made to the order of one Chew, to whom it was delivered for discount, the proceeds to be applied in payment of certain notes of the firm of Chew & Eadie, which had been indorsed by the makers of the note in suit; Chew delivered the note to one Cokefair, upon an agreement that he should have it discounted and pay to Chew one-half the proceeds less six per cent, the other half to be retained by Cokefair and to be repaid by him at the maturity of the note; Cokefair delivered the note to one Kendall, upon an agreement that Kendall should have it discounted, retain twenty-five per cent of the proceeds, after taking out the discount, and repay the twenty-five per cent at maturity of the note. Kendall paid to Cokefair seventy-five per cent of the note, less the discount, and the plaintiff subsequently discounted the note for one Chellborg and paid to him a sum which represented the face of the note, less six per cent discount and two per cent for collection.

*Held*, that the note had no legal inception until it was purchased by Kendall;

That it was accommodation paper, and that the effect of the transaction was a loan made by Kendall to the makers of the note through the agency of Cokefair and Chew;

That the agreement by Cokefair with Kendall was usurious, because Kendall's agreement, to repay at maturity the twenty-five per cent of the proceeds of the discount, left the interest until maturity to be paid by the makers, although the discount had already been taken out.

APPEAL by the defendants, George Hagemeyer and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 14th day of June, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Queens County Circuit.

*William C. Beecher,* for the appellants.

*George Wallace,* for the respondent.

BROWN, P. J. :

This action was brought to recover upon a promissory note for $2,500, made by the appellants to the order of William H. Chew and payable four months after date.

The defense was usury. It appeared by uncontradicted testimony that the note was made by the appellants and delivered to Chew in order that he might have it discounted and the proceeds applied to the payment of notes made by the firm of Chew & Eadie and indorsed by the appellants. Chew delivered the note to one Charles C. Cokefair, upon the agreement that he was to procure its discount and pay to Chew in cash one-half of the proceeds less six per cent. The other half Cokefair was to retain and use, and at maturity he was to repay the one-half received by him. Cokefair delivered the note to one Kendall under an agreement with him that he was to procure it to be discounted and retain twenty-five per cent of the proceeds after taking out the discount, and at the maturity thereof to pay the one-quarter of the proceeds of the note received by him. Kendall paid to Cokefair seventy-five per cent of the note, less the discount. Thereafter the plaintiff discounted the note for one Chellborg, and paid to him $2,434.79, which amount represented the face of the note less six per cent discount and two per cent charged for the cost of collection.

The trial court held that the agreements testified to were not usurious and directed a verdict for the plaintiff.

I am unable to agree with this conclusion. If the agreements themselves did not conclusively establish usury they were of such a remarkable character that the jury should have been permitted to determine whether they were made in good faith or as a mere cover to escape the effect of the Usury Law. But as I understand the

testimony the agreement with Kendall was usurious. The note was not a valid obligation in the hands of Chew. He could not have maintained an action upon it against the appellants. It was accommodation paper, and its sale was merely a loan of money, the purchaser being the lender and the seller the borrower. (*Claflin* v. *Boorum*, 122 N. Y. 385.)

The first one to advance money on the note was Kendall. It had no legal inception when sold to him, and the transaction therefor was a loan by Kendall to the appellants through the agency of Cokefair and Chew. If that loan violated the statute the note was rendered absolutely void and no subsequent transaction could make it valid. (*Claflin* v. *Boorum, supra,* and cases cited.)

Cokefair testified as follows in reference to this agreement: " A. Mr. Kendall was to retain twenty-five per cent of the proceeds of the note, after taking out the discount. Q. Twenty-five per cent in addition to the discount? A. In addition to the discount, and he was to hold himself responsible for the payment of that twenty-five per cent when the note came due. Q. And that arrangement had been made by you with him before the delivery of this note to him? A. Simultaneously at or before the delivery of the note. By the Court. Q. Do you mean that he was to have twenty-five per cent and that he was to make the twenty-five per cent good when the note was taken up? A. Yes, sir. He was to get the benefit of the advance of twenty-five per cent of the note and I got the seventy-five per cent, and when the note became due he was to pay the twenty-five per cent."

That is, Kendall was to pay at maturity, not twenty-five per cent of the note, but twenty-five per cent of the proceeds of the discount. In other words, he was to repay just what he received, thus leaving the interest to be paid by the makers. Thus Cokefair was to pay fifty dollars for the loan of $1,837.50 for four months, or nearly nine per cent. This was plainly usurious.

In the case of *The East River Bank* v. *Hoyt* (32 N. Y. 119) it was held that " an arrangement by which one seeking a discount at a bank, is required to obtain a discount of paper amounting to $1,500, to secure the application to his use of $1,000 of the proceeds, without the right to use the remainder thereof, except in payment of the paper discounted when it shall become due, renders the trans-

action usurious and void." The facts of that case are quite similar to the case before us.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.