KRUMSIEG et ux. v. MISSOURI, K. & T. TRUST CO. et al.

(Circuit Court, D. Minnesota, Fifth Division. January 10, 1896.)

1. USURY—CONTRACT TO RELEASE DEBT IN CASE OF DEATH.
   One K., having applied to defendant for a loan of $2,000, entered into a contract with it which provided that K. should give 10 promissory notes for $360 each, payable in installments of $30 per month, to be secured by mortgage on real estate, and that in case of K.'s death before the full payment of the notes the remainder of the debt should be released by defendant, K. agreeing to pass a medical examination before the execution of the contract. The notes and mortgage were given according to the contract, K. receiving in cash $1,970, and installments amounting to $1,230 were paid. It appeared that defendant had an arrangement with a life insurance company for indemnity against loss by K.'s death, for which it paid much less than the amount which K. had agreed to pay in excess of the loan and legal interest. *Held*, that the contract was contrary to public policy and tainted with usury, and that K. was entitled to a cancellation of the notes and mortgage.

2. SAME—TENDERING BACK PROCEEDS—MINNESOTA LAW.
   In Minnesota it is not necessary for the maker of a usurious contract to tender back the money received, as a condition of obtaining relief from such contract.

This was a suit by Theodore M. Krumsieg and wife against the Missouri, Kansas & Texas Trust Company and the Union Trust Company of Philadelphia, Pa., to cancel a mortgage on the ground of usury.

J. B. Richards, for complainants.
William C. White, for defendants.

NELSON, District Judge. The bill alleges: That on or about July 29, 1890, complainant Theodore M. Krumsieg made a written application to defendant, a corporation of the state of Missouri, for a loan of $2,000, to be secured upon certain property owned by complainants in the city of Duluth, Minn., and among the conditions in said application was the following:

"In consideration of the above premises, I agree to execute and deliver to the said company 10 promissory notes, each of the sum of $360, payable in monthly installments of $30, commencing at date of signing contract. The said notes cover principal sum loaned, interest, and cost of guaranty to cancel debt in case of death, and shall be secured by good and sufficient deed of trust or mortgage executed by myself and wife on said ground and improvements. The contract hereafter to be entered into, if my application shall be accepted and contract entered into in writing between myself and said company, shall provide that the mortgage or deed of trust given to secure the above notes shall contain a clause guarantying, in case of my death before payment of any unpaid installments, a release of unpaid portion of debt, if I shall have promptly paid previous installments and kept other conditions. As part of foregoing condition, I agree, before acceptance of this application and the execution of said contract, to pass such medical examination as may be required by said company, and to pay said company the usual fee of $5 therefor, and to pay all fees for recording deed of trust or mortgage."

That thereupon Theodore M. Krumsieg passed the medical examination required, paid the fee demanded, and complainants then executed 10 certain promissory notes, each for the sum of $360, dated September 5, 1890, payable in monthly installments of $30, with interest at 10 per cent. after due; 41 of which installments, amounting to $1,230, have been paid. That on the same day, in order to secure these notes, they executed and delivered to defendant Missouri, Kansas & Texas Trust Company a mortgage on the premises, with the usual covenants of warranty and defeasance, reciting the indebtedness of $3,600 in manner and form aforesaid, and containing in addition thereto the following clause:

"And it is further understood and agreed by and between the said parties of the first part, their executors, administrators, or assigns, and the said party of the second part, the Missouri, Kansas & Texas Trust Company, that in case said Theodore M. Krumsieg, one of the parties of the first part, should die after the execution and delivery of the said notes and this mortgage, and within ten years thereafter, each and every of the said notes remaining unpaid at the said date shall be surrendered to the executors or administrators of the said Theodore M. Krumsieg, one of the parties of the first part, and this mortgage shall be canceled and satisfied: provided, however, that said parties of the first part shall have promptly paid each monthly installment that shall have become due prior to his death, according to the terms of the notes hereinbefore mentioned, and that he has not committed suicide within two years, and has not, without written consent of the party of the second part, visited the torrid zone, or personally engaged in the business of blasting, mining, or submarine operations, or in the manufacture, handling, or transportation of explosives, or entered into the service of any railroad train, or on a steam or sailing vessel, for two years."

The bill alleges further that the sole consideration for the notes and mortgage was (1) the sum of $1,970, together with the interest thereon from date until maturity of the installment notes; and (2) the clause in the mortgage last referred to, which latter was in fact an arrangement between defendant and the Prudential Life Insurance Company of Newark, N. J., to save the former harmless from any loss that might occur to it in case of the death of complainant Theodore M. Krumsieg during the term covered by the mortgage. There is also an allegation that defendant has not complied with the laws of the state of Minnesota governing life insurance companies, and that the contract is therefore void. Complainants ask that the

mortgage be canceled of record, and the remaining notes be delivered up to them. The answer denies that the contract is usurious, and alleges that the sum of $1,970 received by complainants, with the legal interest thereon, and the cost of the guaranty of defendant to cancel the loan in case of the death of Theodore M.. Krumsieg during the continuance of the contract, constituted a full and ample consideration for the notes and mortgage in question, and that the same was so understood and agreed to by complainants at the time of the execution of the contract. A stipulation was subsequently entered into by which the Union Trust Company of Philadelphia, Pa., was made a party defendant.

This contract cannot be upheld. It is contrary to public policy, and tainted with usury. Ingenious and novel in character, it must have taxed to the utmost the skill of the originator. It has about it certain features of life insurance,—a plan denominated by the counsel and some of defendant's witnesses "the reverse of endowment insurance." It is certainly not an ordinary "life insurance contract," in the general acceptation of the term. One of defendant's witnesses describes it as follows:

"It is similar to a straight loan, in that the borrower gets his money in advance. It is different from a straight loan, in that the borrower gradually pays the loan off by installments, and that at the end of the period, if he has kept his installments paid up, the mortgage which he has given as security therefor is satisfied, with this * * * additional feature: that if, while the contract is running, he should die, no matter whether he has paid one or many installments, the mortgage is immediately thereupon satisfied."

The undoubted purpose of the defendant was to loan money, and at the same time secure, as far as possible, indemnity against loss to itself, at the expense of the borrower. The supreme court of Minnesota describes a similar contract, in substance, as a loan of money with an agreement for perpetual forbearance in case of death, and holds that the contingency set up—the continuance of the life of the borrower—was a mere contrivance to cover usury. Trust Co. v. McLachlan (Minn.) 61 N. W. 560. Complainants could not have obtained the loan without submitting to this feature of the contract, the result of which, when carried out, is to give defendant a greater compensation for the use of the money than that allowed by the law of Minnesota. It is undisputed that defendant had a contract with the Prudential Insurance Company of Newark, N. J., under which it secured indemnity against loss upon transactions similar to the one in question, and that in this instance it obtained a policy of insurance upon the life of Theodore M. Krumsieg, in favor of itself, upon what is called the "Renewable, Reducing Term Plan." Such policies were to be issued for 10 successive years, decreasing in amount payable each year, so that as the payments were made upon the loan the amount of insurance upon the life of the borrower was also decreased. It is not necessary to decide whether this contract could be upheld in case the lender had charged complainants merely the amount it paid the insurance company for indemnity, for it appears conclusively from the testimony that it bound them to pay a sum far in excess of the cost to it for this in-

demnity. Such a contract is usurious, under the law of Minnesota, and the agreement for perpetual forbearance does not relieve it from the taint.

Complainants seek the cancellation of the mortgage and notes, for usury. The supreme court of Minnesota, in the case of Scott v. Austin, 36 Minn. 460, 32 N. W. 89, 864, held that under section 2214, Gen. St. 1894, which declares that all usurious notes, conveyances, contracts, and securities "shall be void," except as to certain bona fide purchasers, it is not necessary for the party thus situated to tender or pay the amount of money received, as a condition of obtaining relief.

Upon the other point made by counsel for complainants,—that such a contract is in violation of the laws of Minnesota with reference to insurance companies,—it is not necessary for the court to pass. Complainants are entitled to a decree, with costs; and it is so ordered.