LUCIA SCOTT v. BELLE REED.[1]

May 10, 1901.

Nos. 12,620—(73).

**Pledge—Usury.**

In an action where personal property was pawned for a usurious rate of interest, no right to retain the same as collateral security for the loan accrued to the pledgee, and the pledgor was entitled to recover the value of the property.

**Use of Wearing Apparel.**

Where wearing apparel is pledged, the pledgee has no right to use the same; and if such use is made by the pledgee, whereby the property is damaged, the pledgor may treat the same as a conversion and recover its value.

Action in the district court for Ramsey county to recover $235 damages for the conversion of a seal-skin coat. The case was tried before Kelly, J., who directed judgment in favor of plaintiff for $165. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*E. M. Card,* for appellant.

*J. C. Mangan* and *O. H. O'Neill,* for respondent.

LOVELY, J.

This is an action to recover the value of property, alleged to have been converted by defendant. The cause was tried to the court, who found that plaintiff was the owner of the property; that she had effected a loan thereon from the defendant at a usurious rate of interest; that it had been used by the pledgee, to the owner's detriment during the period of the pledge; also that the owner had demanded a return of the same,—and upon such facts found, as a conclusion of law, that plaintiff was entitled to recover for its value, which was found by the court. Motion for a new trial was denied, from which order, upon a settled case, the whole evidence is brought here for review.

[1] Reported in 85 N. W. 1012.

The facts which authorized these findings may be briefly stated as follows: The plaintiff owned a lady's seal-skin coat and a pair of diamond earrings, upon which she had borrowed sums of money by placing such property in pledge as security for the loans. She was anxious to secure a lower rate of interest, and, through a third party, entered into an arrangement with the defendant to place the earrings and seal-skin coat in pawn to her for $140. To that end the third party, acting for plaintiff, gave a note of $147 to the defendant in his own name, took the property out of the previous pawn, and placed the same in pledge to defendant to secure payment of the new loan. The money actually obtained by this last loan was $140. The additional sum in excess of $140, as the testimony reasonably tends to show, was in consideration of the use of such money at the usurious interest of five per cent. per month. The plaintiff redeemed the earrings by paying the sum agreed upon as their value, leaving the seal-skin coat in pawn. Plaintiff afterwards called upon the defendant to redeem the coat, but, upon examination of the same, determined not to do so, for the reason that it had been damaged by defendant's use of the same while in her possession.

Notwithstanding the zealous contention of defendant's counsel that the evidence does not sustain the findings of the court to the effect that the loan of money by defendant was usurious, and that the seal-skin coat had been used and damaged by defendant while in pawn, yet, under the evidence, the findings of the trial court were, in these respects, amply sustained, to the effect that the device by which the $7 was included in the note provided for an unlawful rate of interest, in violation of the usury laws of this state, which conferred no right whatever on the defendant to retain the property as collateral security for a usurious loan. There is evidence, also, to support the view that the third party, who was an undisclosed principal, made the negotiation entirely for the benefit of the plaintiff, which fact was known to the defendant. The testimony was also ample to show that the property, which was wearing apparel, had been damaged while in the possession and care of the defendant, which constituted a conver-

sion of the same, and justified the recovery of its value. Story, Bailm. § 329.

The order of the trial court is affirmed.