## BRANDT *v.* HALL ET AL.

[No. 5,976. Filed December 13, 1907.]

1. JUDGMENT.—*Partnership.*—In an action against two or more persons as partners, a judgment, at the common law, on a failure to prove the existence of a partnership, must be for defendants, though one or more of the defendants be proven liable individually. p. 652.

2. SAME.—*Statutes.—Partnership.* — *Contracts.* — Under §§594-596 Burns 1908, §§568-570 R. S. 1881, judgment may be rendered, in all contract actions, against any one or more of the defendants shown by the evidence to be liable, regardless of whether the allegations show a joint, several or joint and several liability. p. 653.

3. PLEADING.—*Recitals.*—Pleadings should allege the facts directly and not by recital. p. 655.

4. SAME.—*Motion for New Trial.—Caption.*—The filing of a motion for a new trial in a case, naming in the caption only the first defendant therein, is a defect so extremely technical as not to merit serious consideration. p. 655.

5. APPEAL.—*Final Judgment.—Uncontradicted Evidence.*—Where the evidence in a case is uncontradicted, the trial judge's decision thereon may be reviewed by the Appellate Court, and the merits of the case determined. p. 657.

6. USURY.—*Recovery of.—Evidence.—Interest.*—Where the evidence shows that plaintiff nominally borrowed from defendants $40, receiving but $36, and that he continued to pay $4 interest per month thereon for six months, at the end of which time he paid $40, a judgment of the trial court for defendants will be set aside as contrary to the evidence. p. 658.

From Steuben Circuit Court; *Emmet A. Bratton,* Judge.

Action by Henry Brandt against Frank A. Hall and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*P. V. Hoffman* and *E. M. McKennon,* for appellant.

*Mountz & Brinkerhoff* and *Brown & Carlin,* for appellees.

MYERS, J.—This was an action by appellant to recover from appellees a sum of money alleged to have been paid by the former to the latter as usurious interest. The complaint is in one paragraph, and alleges, in substance, that appellees were partners; that appellant in August, 1902, while in the employ of the Baltimore & Ohio Railroad Company, borrowed $40 from the Garrett Investment Company, which company took from appellant an assignment of his monthly wages, and exacted and received usurious interest at the rate of ten per cent a month, which he paid until July, 1903; that the usurious interest paid by appellant on account of said loan, and $10 by him paid on the principal, more than paid said principal and legal interest thereon; that said company, instead of surrendering the assignment of wages to appellant, sold and transferred the same to appellees, "who claimed to succeed to the business of the Garrett Investment Company;" that appellees continued to exact and receive assignments of appellant's monthly wages to secure said loan, and received $4 a month as interest until March, 1904; "that the defendants, for the month of February, 1904, having such assignment, took out of said money the principal sum of $40 originally loaned, together with interest for said month;" that appellees and their assignors have thus received $70 usurious interest, which they unlawfully hold. This complaint was answered by a general denial. There was a trial by jury, a verdict for defendants, and, over appellant's motion for a new trial, judgment was rendered for appellees. The only error assigned is based upon the action of the court in overruling appellant's motion for a new trial. The reasons assigned by this motion are (1) that the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law. Appellees insist that the judgment should be affirmed because the evidence fails to establish a partnership between appellees. We agree

1. with appellees that there is no evidence in this case tending to establish a partnership, and at common

law their contention would be correct. *Tomlinson* v. *Collett* (1834), 3 Blackf. 436, and the principle announced in that case was followed in *Dickensheets* v. *Kaufman* (1867), 28 Ind. 251, and *Graham* v. *Henderson* (1871), 35 Ind. 195, but the court in *Louisville, etc., R. Co.* v. *Treadway* 2. (1896), 143 Ind. 689, 702, in considering §§594-596 Burns 1908, §§568-570 R. S. 1881, said: "Under these sections it has been held by this court that the trial court possessed chancery powers in adapting its judgment to the rights of the parties. [Citing authorities.] That if a plaintiff sue two or more jointly and only proves a liability as to one, he is entitled to a judgment against that one." Citing authorities. These sections of our code have been liberally construed, to the end that courts might, in the administration of justice, be freed from technicalities which tend to obstruct rather than aid in ending litigation. The court in *Nicodemus* v. *Simons* (1890), 121 Ind. 564, 567, in speaking of §594, *supra,* said: "It was the intention of the lawgiving power by the enactment of said section, in all actions having more than one party plaintiff or more than one party defendant, to confer upon the courts power to brush aside all technical objections which disregard what is substantive, and depend upon mere form, and to render judgment according to the rights of the parties as disclosed by the evidence and embraced within the subject-matter covered by the issues tendered." In *Hubbell* v. *Woolf* (1860), 15 Ind. 204, which was an action against partners, the court said: "Under these statutory provisions, we think it clear that in actions against several upon contract, whether the contract be joint and several, or joint only, the plaintiff may have judgment against one or more of the defendants, if he shall make out a good cause of action against them, although he fails as to the others. This proposition is settled by the case of *Blodget* v. *Morris* [1856], 14 N. Y. 482. Seldon, J., in delivering his opinion, says, after quoting a statutory provision substantially like our own: 'This

provision applies to all actions indiscriminately, whether founded upon contract or upon tort; and, as I understand its terms, it is immaterial whether the complaint alleges a joint liability only, or one which is joint and several. The right of recovery is to be regulated, in this respect, by the proof, and not by the allegations in the complaint. In other words, every complaint against two or more defendants is to be treated as both joint and several. The object of the provision obviously is to prevent a plaintiff, who proves a·good cause of action against part of the defendants, but not against the others, from being put to the expense and delay of a new action. It was not intended to change the law in any other respect; but simply applies to actions upon contract, the same rules which, at common law, were applied to actions for torts.' " The rule in the case of *Hubbell* v. *Woolf, supra*, has been followed and approved in a number of recent decisions: *Louisville, etc., R. Co.* v. *Treadway, supra; Hassler* v. *Hefele* (1898), 151 Ind. 391; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470. In *Claflin* v. *Butterly* (1856), 2 Abb. Pr. 446, the action was against Butterly and Devin as partners. Butterly was conceded to be not liable, and the question depended upon the right to have judgment against one only, the plaintiffs having sued the defendants as partners. The court, after referring to a section of the code, of which §594, *supra*, is practically in the same language, held that "this language is broad enough to admit of a judgment being recovered against one of two persons sued as partners, and of a judgment being rendered in the same action against the plaintiffs in favor of the other defendant." See, also, *Harrington* v. *Higham* (1853), 15 Barb. 524; *Hine* v. *Bowe* (1885), 21 N. Y. Week. Dig. 558. Partnership debts are joint debts, and contracts with partners are joint contracts. *Crosby* v. *Jeroloman* (1871), 37 Ind. 264; *Dickson* v. *Indianapolis Cotton Mfg. Co.* (1878), 63 Ind. 9. In *Stafford* v. *Nutt* (1875), 51 Ind. 535, 538, it is held that "under the code, a general denial

puts the plaintiff upon proof of the joint liability, *if he would obtain a joint judgment*. But if he do not prove the joint liability, it does not follow that the plaintiff wholly fails in his action. The code has changed the common-law rule, as it was in actions at law, and has made it like the common-law rule in suits in chancery.'' (Our italics.)

Appellees also insist thàt appellant must fail in this appeal, for the reason that the theory of his complaint is that
3.    they were successors in business of the Garrett Investment Company, and that the record discloses no evidence tending to prove this fact. From an examination of the complaint we conclude that there is no direct allegation to the effect that appellees succeeded to the general business of the Garrett Investment Company, the statement on that subject being a mere recital.

Appellees further contend that the grounds assigned for a new trial ought not to be here considered, for the reason
4.    that in the caption of the motion only one of the appellees is named. The order-book entry shows that the motion was filed as a part of the proceedings of this cause, and so acted upon by the court. No motion was made to strike it from the files, and a ruling which would prevent a consideration of this motion on appeal would be so extremely technical as to be wholly without justification, and one which we cannot sanction. Considering the reasons relied on by appellant in his motion for a new trial, the record discloses, without contradiction, that on July 28, 1902, appellant obtained a loan of $40 from the Garrett Investment Company, but that he actually received only $36. At that time he was in the employ of the Baltimore & Ohio Railroad Company as a conductor, and to secure the said $40 he executed to said investment company a written assignment of his monthly wages then due or to become due from said railroad company. Thereafter, upon demand of said Garrett Investment Company, he continued to pay $4 a month interest until his November, 1902, pay-day,

when, in addition to the $4, he paid $10 on the principal, and thereafter paid $3 a month for two months, when the $10 was returned to him, and he thereafter continued to pay $4 a month until July, 1903, when, by a written assignment of the instrument whereby he had assigned his monthly wages to the investment company, the same was transferred to appellee Frank A. Hall. On August 20, 1903, appellant, in writing, released and assigned to said Hall the sum of $40 of the wages then earned and due, or which might thereafter become due and owing him from said railroad company for the months of the years 1903 and 1904, and directing the paymaster of said railroad company to pay Hall, on or before the September, 1903, pay-day of said company, or any succeeding day of any month covered by the assignment, the sum of wages sold and set over, at the option of said Hall. No money was actually paid by said Hall to appellant on account of said August assignment to him, and appellant thereafter paid to said Hall $4 each month for six months, or until he had paid $24. In February, 1904, Hall turned over to the railroad company the wage assignment, and on April 25 received from the company $40 on account thereof. On the day Hall obtained the wage assignment from the investment company appellant called on him concerning it, and he said he was not prepared to pay it then, but did not want the assignment turned over to the railroad company. Hall testified that it was against the rules of the railroad company for its employes to make these assignments; that Brandt suggested that he would pay it later on; and that he would sell his time to Hall each month at a discount of 10 per cent, that the assignment was made August 20, and the last assignment was in January; that he bought $40 worth of time for $36, continuing to do this each month; that he knew nothing about the dealings between appellant and the Garrett Investment Company, and said nothing about the correctness of the assignment or purchase from the investment company; that one Thomas

represented the investment company, and he knew the line of business Thomas was in, which was buying time. Hall was asked the following questions, and made the following answers: "Q. What do you call buying time? A. Buying a man's time that he has got coming to him. Q. But if you make a contract of this kind, for which you give a man a certain amount of money, you then take an assignment of his wages? That is taken to secure that, is it not? A. Yes, sir. Q. With the agreement that he can have it as long as he pays the 10 per cent a month—that is the arrangement. A. That is the arrangement providing he sells the time every month—sells it on a discount." In answer to other questions he said he did not consider the transaction a loan of money. On November 12, 1903, Hall wrote to appellant saying: "Could you kindly favor us with a payment of at least $10 on loan this pay-day? I have obligations outside of the business to meet, and am, therefore, compelled to draw in on the heaviest loans." The wage assignment to the Garrett Investment Company and the one to Hall were practically of the same tenor, and it is not questioned that the original transaction between the investment company and the appellant was a loan by the company upon which it received a usurious rate of interest.

As to all the material facts in this case, there is no conflict in the evidence. And in such cases it has been held that "an appellate court will weigh the evidence, and give

5.   it such effect as, in its judgment, should have been given by the court which tried the cause." *Taylor* v. *Lohman* (1881), 74 Ind. 418, 422, and cases there cited. In *Riley* v. *Boyer* (1881), 76 Ind. 152, referring to the case of *Roe* v. *Cronkhite* (1876), 55 Ind. 183, it is said: "This court held that, where the jury trying a cause, in the face of uncontradicted evidence, returned a verdict contrary thereto, such verdict should be set aside and a new trial granted."

The undisputed facts and the evidence above set out cover all the material evidence given in the cause, and from which but one conclusion must follow, and that is, the transaction was a loan of money for which appellant was paying at the rate of ten per cent a month, and the buying of time claimed by appellees was a mere subterfuge to hide the usurious charge, and, this being true, this court is not bound by the decision of the trial court. *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140; *Lake Erie, etc., R. Co.* v. *Juday* (1898), 19 Ind. App. 436. The evidence in this case, without dispute, clearly shows that the original transaction was 'a loan by the investment company to appellant. The Garrett Investment Company collected from appellant $4 a month for the use of $40. Said company sold to Hall this demand against appellant, and thereafter the transaction was continued between appellant and Hall. Hall was to receive ten per cent a month. At the end of six months he had collected $24. The principal sum he still claimed to be due, and he afterwards collected it out of money due appellant from the railroad company. The transaction upon its face was one tainted with usury, and therefore Hall was not entitled to retain anything more than the $40 and interest thereon at the rate authorized by law. *Baum* v. *Thoms* (1898), 150 Ind. 378, 65 Am. St. 368; *Gilman* v. *Fultz* (1906), 37 Ind. App. 609; *Reed* v. *Helm* (1860), 15 Ind. 428, 430; *Brown* v. *Follette* (1900), 155 Ind. 316; *Freeport Bank* v. *Hagemeyer.* (1895), 91 Hun 194, 36 N. Y. Supp. 214; *Scott* v. *Reed* (1901), 83 Minn. 203, 85 N. W. 1012; *Krumsieg* v. *Missouri, etc., Trust Co.* (1896), 71 Fed. 350.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

Roby, C. J., Hadley, P. J., and Watson, Comstock and Rabb, JJ., concur.