(66 App. Div. 23.)

### STRICKLAND v. HENRY.

(Supreme Court, Appellate Division, Second Department. November 22, 1901.)

1. ACCOMMODATION PAPER—SALE—USURIOUS DISCOUNT—VALIDITY.
   Accommodation paper has no legal existence in the hands of the payee, and cannot be made the subject of sale and purchase, but in point of law a sale thereof is merely a loan of the money, the purchaser being the lender and the seller the borrower, and, if at a usurious discount, is invalid.

2. SAME—EFFECT OF NEGOTIABLE INSTRUMENTS LAW.
   The negotiable instruments law (Laws 1897, c. 612) has not changed the above rule.

3. NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDER—PRESUMPTION.
   In an action on negotiable paper plaintiff is presumed, in the first instance, to be a bona fide holder.

**4. SAME—BURDEN OF PROOF SHIFTED.**

In an action by a transferee of negotiable paper, where the maker has shown that it was obtained by duress or fraud, or that it had no legal existence previous to negotiation, the burden is cast on the plaintiff to show that he took the same in good faith, and without notice of any infirmity.

Appeal from trial term, Kings county.

Action by Clifford T. Strickland against William Henry. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Charles M. Stafford, for appellant.

John R. Farrar, for respondent.

SEWELL, J.   This action was brought to recover on an accommodation note made by the defendant to the order of Tony Rheims, and transferred by him before maturity to the plaintiff at a discount which made the interest reserved 40 per cent. per annum. The note did not represent a legal transaction. It had no legal existence when sold to the plaintiff, and, having no legal existence, could not be the subject of sale and purchase. Eastman v. Shaw, 65 N. Y. 522, and cases cited. In point of law the sale of accommodation paper is merely a loan of money, the purchaser being the lender and the seller the borrower. Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360, and cases cited. In Eastman v. Shaw, supra, the rule is stated in this form:

"One who takes a note at its inception at a greater discount than the legal rate must be conclusively presumed to have intended to loan, as the transaction can have no other character. His want of knowledge that the note takes its inception in his hands is immaterial."

The court there also said:

"It cannot be urged that this was no loan by Benedict, because no loan was intended. The answer is that the law stamps the transaction with the characteristics of a loan. The same thing might be urged when one discounts an accommodation note at a greater discount than seven per cent., not knowing its true character, but supposing it to be a business note. It is perfectly well settled that this want of knowledge has no effect. The holder is bound to know the character of the paper he is dealing in, and, if it turns out to be accommodation paper, the transaction is usurious."

The negotiable instruments law (chapter 612, Laws 1897) has not changed or affected this rule. That statute is a substantial re-enactment of other statutes containing similar provisions. It is plain that the plaintiff is not a holder in due course, as he failed to meet the burden cast upon him to show that he took the note in good faith, and without notice of any infirmity. A plaintiff suing upon a negotiable note or bill is presumed, in the first instance, to be a bona fide holder. But when the maker has shown that the note was obtained from him under duress, through a fraud, or that it had no legal existence previous to its negotiation, the plaintiff is then required to show under what circumstances and for what value he became the holder. Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N.

E. 801, 16 Am. St. Rep. 836; Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602, 27 Am. St. Rep. 484.

It follows that the judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.