(42 Misc. Rep. 482.)

### SIMPSON v. HEFTER.

(City Court of New York, Trial Term. January, 1904.)

1. USURY—ACCOMMODATION NOTE.

Where a note was made payable to the maker's order, and was successively indorsed by him, by a firm for whose accommodation it was made, and by defendant, and a few days thereafter was discounted for the firm by plaintiff at more than 6 per cent., as the note had no inception until it was discounted, and the discount was at a usurious rate, the note was void.

2. NOTE—RIGHTS OF INDORSEE—BURDEN OF PROOF.

Where the evidence showed that a note was usurious in its inception, plaintiff, in an action on the same, had the burden of showing that he took the note in good faith and without notice of any infirmity.

3. SAME—INTEREST.

Where a note is payable in the city of New York, it was governed as to interest by the laws of New York, though no rate was fixed.

4. USURY—PLEA.

A plea of usury is good where plaintiff could not have been misled in respect to the defense intended, nor as to the circumstances relied on to support it.

Action by Thomas Simpson against Louis Hefter. Judgment for defendant.

Blandy, Mooney & Shipman (Charles Blandy, of counsel), for plaintiff.

Blumenthal, Moss & Feiner (Benjamin F. Feiner, of counsel), for defendant.

DELEHANTY, J. The action is against a second indorser upon a promissory note for $1,000, dated New York, May 14, 1903, made by one Marx to the order of himself, payable four months after date, at his office, in the said city. The note bears the indorsements of said Marx, the defendant, Hefter, and the firm of Goldberg & Harrison, in the order named, and, according to the undisputed evidence, was so made and indorsed by Marx and Hefter respectively, without value, and at the request and for the accommodation of Goldberg & Harrison, who then indorsed and delivered the same to the plaintiff for the sum of $940, or $40 in excess of the legal rate of discount thereon. The defense is usury. Plaintiff testified: "The note came into my possession a few days after the 14th of May, from Mr. Goldberg, and I gave him $940 for the note." This evidence is not only uncontradicted, but there is no other version of the transaction given by any one. Upon this state of facts I am called upon to determine

¶ 3. See Bills and Notes, vol. 7, Cent. Dig. §§ 248, 249.

the question whether or not the defense pleaded has been sustained.

It has been held that a sale of accommodation paper is merely a loan of money, the purchaser being the lender and the seller the borrower. When, therefore, plaintiff purchased the $1,000 note in suit for $940, he exacted thereby a promise to pay interest at a prohibited rate, and the promise, by force of the statute, was void. Upon the delivery of the note to him, and the payment by him of the $940, the transaction was complete. Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360. The instrument did not take effect as a valid obligation until discounted by plaintiff. It may be assumed that before advancing his money thereon he supposed he was purchasing an obligation which bound the parties whose names appeared upon the same. But, as was said in Clark v. Sisson, 22 N. Y. 316:

> "These circumstances do not relieve the case. Neither the drawer nor the acceptor [here the maker or indorser] made any representations to the plaintiffs beyond the language contained in the contract itself. But if the very words of a contract are to be taken as a representation of facts which estops the party who makes the obligation from interposing a defense inconsistent with that representation, then all contracts must be deemed valid which appear to be so on their face, and not only usury, but duress and fraud, can no longer be alleged."

When a note has a valid inception, it is not usurious for the holder to sell it for what it will bring. On the other hand, if it is transferred at a discount beyond the legal rate of interest, not yet, in a legal sense, having had its inception, the transaction is usurious. The note in suit never had its "inception" until discounted by plaintiff, because suit could not have been maintained upon it prior to that time. And this is the true test in distinguishing between a case where a discount of a bill at a higher rate of premium than the legal rate of interest will render the transaction legal, by considering it the purchase of a bill already perfect and available to the party holding it, and where it will be illegal as a usurious loan of money. Eastman v. Shaw, 65 N. Y. 527. And this rule is not confined to the case of accommodation paper, but extends to all cases where the paper, though in the similitude of a note, has no existence as between the immediate parties to it. 65 N. Y. 528. The note in suit was not the subject of sale to plaintiff, but only of discount, and, a larger sum than the regular rate of interest having been deducted, the transaction was usurious. True, there is no proof in the record of any preliminary negotiations to show that the transaction was other than a bona fide one. But this is unnecessary. The defense stated is founded on the loan in question. The law is that no one shall loan money, exacting for its use more than legal interest. While it is well settled that the intention to take usury must have been in the full contemplation of the parties, it is sufficient to show the existence, in fact or law, of the corrupt purpose or intent in connection therewith. Orvis v. Curtiss, 157 N. Y. 661, 52 N. E. 690, 68 Am. St. Rep. 810. This, in my opinion, the record reveals.

Whether the defense of usury has been swept away by the passage of the negotiable instruments law, as claimed by the counsel for plaintiff, notwithstanding the decision in Strickland v. Henry, 66 App. Div.

23, 73 N. Y. Supp. 12, to the contrary, is not for me to say or determine. That authority must be followed as a controlling case, until otherwise reversed or modified. I am willing to admit, however, that a very ingenious and plausible argument has been essayed in behalf thereof by reference to certain sections of the law in question. But· the superstructure raised thereon has been immeasurably lessened in this case by the basic weakness of the structure itself. It is evident that, if the plaintiff is not a holder in due course, the argument of counsel in support of the contention stated falls to the ground. The statute definition of such a holder is, among other things, that he took the instrument in good faith, and without notice of any infirmity therein. See section 91, subds. 3, 4, Neg. Insts. Law (Laws 1897, p. 732, c. 612). By the evidence the burden was cast upon plaintiff to show these facts, which he neglected to do. The presumption of his bona fides is established by the law in question; but when, as here, it was shown that the note in suit had no legal inception until its negotiation by plaintiff, then it became his duty to establish the fact that he became the holder under the circumstances stated.

The remaining question to be determined is whether or not the plea of usury is bad. While there is some lack of precision and certainty in the averments with reference thereto, I am of the opinion that plaintiff could not have been misled in respect to the defense intended, nor as to the circumstances relied upon to support it. The usual rule for the construction of pleadings applies as well to an answer of usury as to one setting up any other defense. National Bank v. Lewis, 75 N. Y. 516, 31 Am. Rep. 484.

There is no doubt, finally, from all the facts and circumstances surrounding the transaction and the intention of the parties, so far as disclosed, that the note in question was discounted by plaintiff in the city of New York. But assuming, as claimed, that there is no evidence upon that point, and that it was negotiated in another state at a rate of interest lawful there, but greater than allowed by the laws of this state, nevertheless it became invalid by the very transaction in question. The Court of Appeals determined that question as early as 1864, in Jewell v. Wright, 30 N. Y. 259, 86 Am. Dec. 372, when it decided that the lex loci contractus governs as to the defense of usury. While it is true for a time thereafter that authority was much criticised, it received reaffirmation by said court in Dickinson v. Edwards, 77 N. Y. 573, 33 Am. Rep. 671, in an exhaustive opinion written by Judge Folger, who there said:

"The general rule is and has been that, where the contract either expressly or tacitly is to be performed in a given country, there the presumed intention of the parties is that it is to be governed by the law of the place of performance, as to its validity, nature, obligation, and interpretation [citing authorities]. This rule has been specially applied to the rate of interest to be allowed; and it has been held that where a personal contract is, expressly or by implication, to be paid at a given place, and the rate is not fixed by the parties, interest is to be taken or reserved according to the law of the place where payment is to be made."

It is immaterial, therefore, as stated, whether or not there is direct evidence herein of the place of discount of the note in question. It

was, by its terms, made payable in this city, with no rate of interest fixed therein, and is accordingly to be governed by the interest laws of this state.

It follows that judgment must be directed for defendant, with an extra allowance of 5 per cent.; plaintiff to have a stay of 10 days after entry thereof, and 30 days additional time to make and serve a case and exceptions on appeal, if so advised. Judgment accordingly.