(63 Misc. Rep. 117.)

### BRUCK v. LAMBECK et al.

(City Court of New York, Special Term. April, 1909.)

1. USURY (§ 24*)—NOTE—ACCOMMODATION INDORSEMENT.
    Where the note sued on was indorsed for the accommodation of the maker before delivery and was negotiated for value, the defense of usury is available to the indorsers.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. § 52; Dec. Dig. § 24.*]

2. BILLS AND NOTES (§ 296*)—WARRANTY OF INDORSER.
    Under Negotiable Instruments Law (Laws 1909, c. 43) § 116, the warranty by the indorser runs only to the holder in due course.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 667–679; Dec. Dig. § 296.*]

Action by Rubin Bruck against Kalman Lambeck and others. Verdict for defendants. Motion to set aside verdict denied.

See, also, 116 N. Y. Supp. 784.

Isidor D. Morrison, for plaintiff.

Samuel A. Berger, for defendants.

LA FETRA, J. The action is brought by a holder of a promissory note against the maker and indorsers thereof. The answers inter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posed by the defendant. indorsers set up the defense of usury in the inception of the paper. It is alleged in the complaint, and it appeared upon the trial, that the indorsements were the usual accommodation or surety indorsements prior to delivery and negotiation of the paper for value. The note therefore had its inception, if any, in the consideration given therefor by plaintiff (Eastman v. Shaw, 65 N. Y. 522), and not before, and the issue arises therefore in legal effect as between the original parties thereto, and not as between a holder and an indorser as such, and the defense is available. Strickland v. Henry, 66 App. Div. 23, 73 N. Y. Supp. 12; Eastman v. Shaw, supra. Section 116 of the negotiable instruments law (now Laws 1909, c. 43) applies to the latter class of cases, and not to the former, and by its express terms the warranty by the indorser runs only to a holder in due course. Plaintiff is not such a holder (Strickland v. Henry, supra), nor were the defendants bound on the paper prior to its acquisition by plaintiff. For the same reasons the case of Horowitz v. Wallowitz, 59 Misc. Rep. 520, 110 N. Y. Supp. 972, is not in point.

Counsel for plaintiff in his brief refers to the defendant Lambeck as being in default, and urges that plaintiff was entitled to at least a verdict as against him. The matter is not before the court in any adequate way. While neither pleading was submitted nor counsel appeared in his behalf at the trial, he was present at the trial and testified. No inferences can be indulged in as to the character of his alleged default, if any. If the default was in pleading, the verdict would have no bearing upon him, and plaintiff's remedies are plain. Code Civ. Proc. §§ 1204, 1205. If the default was at the trial, after pleading plaintiff could have preserved his advantage by seasonable motion; but, instead thereof, he chose to submit all issues upon all the evidence generally to the jury, and he must abide by the verdict. Counsel should advise the court as to the fact, so that the minutes of the verdict may be correct.

Motion to set aside the verdict is denied.