OPPIKOFER v. MURPHY et al.

(Supreme Court, Appellate Division, Second Department.   October 6, 1911.)

1. BILLS AND NOTES (§ 539*)—ACTIONS—FINDINGS—USURY.
   Where the note sued on was an accommodation note, and defendant claimed that it was discounted by plaintiff for less than half of its face value, an instruction to find for plaintiff for the amount defendant had received upon the note, and not for its face value, necessarily involved a finding that the note was usurious at its inception, since otherwise plaintiff would be entitled to recover its face value.
   [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 539.*]

2. USURY (§ 98*)—ACCOMMODATION NOTES—RIGHTS OF PARTIES.
   If the accommodation note sued on was usurious at its inception, in that it was discounted by plaintiff for less than the amount of its face value, plaintiff could not recover thereon, and it was error to permit a recovery of the amount defendant had actually received upon the note.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 205–213; Dec. Dig. § 98.*]

Cross-Appeals from Trial Term, Kings County.

Action by Florence C. Oppikofer against John W. Murphy and others. From a judgment for plaintiff for an insufficient amount, and from orders denying a new trial, plaintiff and defendant Murphy appeal. Judgment and order denying defendant's motion reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Louis J. Somerville, for plaintiff.
John J. McGinniss, for defendant Murphy.

WOODWARD, J. The plaintiff brings this action to recover the sum of $830 and interest on a certain promissory note for that amount, made by the defendant John W. Murphy, to the order of the defendant Edward Stratton, indorsed by the defendants Edward Stratton, Evelyn K. Stratton, and Bayside Review Company. From the record

it appears that the indorsements of Evelyn K. Stratton and Bayside Review Company were merely for the purpose of lending their credit to the paper, and as no judgment is sought against them, they being insolvent, it is not necessary to consider them further in this appeal.

The plaintiff proved the note and rested. The defendant Edward Stratton was called as a witness, and testified that he had negotiated with the plaintiff's father, Charles C. Overton, at the time of making the indorsement in September, 1908, having had previous business transactions with him, and, being hard pushed for money, he induced Mr. Overton to discount the note for $315, which was the only money he received on the note. He likewise testified that Mr. Murphy owed him no money, and that he had told Mr. Overton that the note was an accommodation note. The defendant Murphy in his answer alleged the usurious transaction, and the learned trial court, in directing the verdict on motion of both parties, told the jury to bring in a verdict for the plaintiff, not for the face of the note, but for the amount which the defendant Stratton had received upon the same from plaintiff's father.

[1] This must be deemed to be equivalent to a finding that the note, at its inception, was transferred for a consideration which would yield very much more than the legal rate of interest; for, unless this was the case, the plaintiff was clearly entitled to the full face value of the note.

[2] If the defendant Murphy had established that the note, at its inception, was tainted with usury, he was entitled to a verdict, and the learned court erred in endeavoring to introduce equitable considerations and directing a verdict in favor of the plaintiff for so much as the note had realized to Stratton. The law of this case, assuming the facts as they must have been found by the court in directing the verdict here under consideration, has been fully settled by the case of Strickland v. Henry, 66 App. Div. 23, 73 N. Y. Supp. 12, and it does not appear to be necessary to go over the question again.

The judgment and the order denying defendant's motion for a new trial should be reversed, and a new trial granted; costs to abide the event. All concur.