## KASS v. BLUMBERG et al.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

BILLS AND NOTES (§ 335*)—INDORSEMENT—BONA FIDE HOLDER—DEFENSES—USURY—EVIDENCE.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 91, defining a holder in due course as one who, among other elements, had no notice of any infirmity in the instrument when it was negotiated to him, an indorser of a note sued on, alleged to be void for usury, was entitled to prove in defense that plaintiff, to whom the note had been indorsed, had knowledge of the usury when he took the note, and had participated therein.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 817; Dec. Dig. § 335.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham L. Kass against Abraham Blumberg and others, impleaded with Emil Reibstein. From a judgment for plaintiff, defendant Reibstein appeals. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Manheim & Manheim, of New York City (Jacob Manheim, of New York City, of counsel), for appellant.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

BIJUR, J. The action is upon a promissory note. The appellant was an indorser. The defense was usury in the making of the note, with an allegation that the plaintiff, at the time he became the holder thereof, was aware of the usury and participated therein.

The learned trial court evidently based its action upon the rule that the defense of usury is not available to an indorser as against a holder in due course, pursuant to section 116 of the Negotiable Instruments Law; but section 91 defines a holder in due course as one who, among other elements, had no notice of any infirmity at the time it was negotiated to him. Defendant should have been allowed to prove plaintiff's knowledge of the usury, as requested by him before the direction of the verdict.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.