BERTHA LEVINE ELTERMAN, Plaintiff, *v.* HENRY S. FRIEDMAN, Defendant.

Supreme Court, New York County, November 29, 1925.

Depositions — examination before trial — action on promissory note — defendant, indorser on note, alleged plaintiff, immediate payee, exacted usury from payee — defendant entitled to examine plaintiff on issue of usury, but not as to failure of presentment and notice — plaintiff not entitled to avail itself of warranties under Negotiable Instruments Law, § 116.

In an action upon a promissory note, in which the defendant is sued as an irregular indorser, and in which the defense interposed is that the plaintiff, an immediate payee, exacted usury from the payee, said defendant is entitled to an examination of the plaintiff before trial as to the issue of usury but not as to failure of presentment and notice.

The plaintiff, being charged with participation in the usurious transaction, cannot avail herself of the warranties set forth in section 116 of the Negotiable Instruments Law.

MOTION by plaintiff to vacate notice to examine him before trial.

*Goldman, White & Lowenbraun,* for the plaintiff.

*Henry B. Lamm,* for the defendant.

PROSKAUER, J. The payee of a promissory note here sues an irregular indorser. The defendant has given notice to examine the plaintiff before trial, which plaintiff moves to vacate. As to the defense of payment, the motion will be denied. As to failure of presentment and notice, the motion will be granted.

The real controversy turns on the right of the defendant to examine as to the defense of usury. Since the decision of *Sabine* v. *Paine* (223 N. Y. 401) it is at least open to argument that any

indorser may defend on the ground of usury against any holder. But the determination of the present controversy does not require so broad a holding. The allegation of the answer here is that this plaintiff herself exacted usury from the payee. While it has been held that the indorser cannot plead usury against a holder in due course, the warranty of the indorser under section 116 of the Negotiable Instruments Law runs only to subsequent holders in due course. Where, as here, the plaintiff is the immediate payee and is charged with participation in the illegal transaction, she cannot avail herself of the warranties set forth in section 116. This has been specifically held by the Appellate Term in *Kass* v. *Blumberg* (142 N. Y. Supp. 544) and in a well-reasoned opinion of the City Court in *Bruck* v. *Lambeck* (63 Misc. 117). The defendant is certainly entitled to examine on the issue of usury, where the charge is that the plaintiff herself was the usurer.

Settle order on notice in accordance with this opinion.