### DANIEL R. GRANDIN v. JOHN F. GRANDIN.

1. The compromise of a disputed claim made *bona fide* is a good consideration for a promise, whether the claim be in suit, or litigation has not been actually commenced, even though it should ultimately appear that the claim was wholly unfounded ; the detriment to the party consenting to a compromise arising from the alteration in his position, forms the real consideration which gives validity to the promise.

2. The only elements necessary to a valid agreement of compromise are the reality of the claim made and the *bona fides* of the compromise. The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made.

3. A declaration alleged in substance that the plaintiff and defendant were children of J. G., deceased ; that the deceased died seized and possessed of real and personal estate ; that the deceased by his will made some provision for the plaintiff, and made the defendant a residuary legatee ; that the plaintiff filed a *caveat* against the probate of the will ; that in consideration that the plaintiff would withdraw the *caveat* and make no further opposition thereunder to the probate of the will, and would also assign to the defendant and one J. F. G. all

his (the plaintiff's) right, title and interest in the real and personal estate of the deceased, other than the interests the plaintiff had under the will, the defendant promised and agreed to pay plaintiff the sum of $300, and also to assign to the plaintiff two hundred shares of the capital stock of the Lehigh Valley Railroad Company. The declaration also averred that the plaintiff withdrew the *caveat* and made no further opposition thereunder to the probate of the will, and assigned his right, title and interest in the real and personal estate of the deceased, in conformity with his agreement, and that the defendant paid the $300, but refuses to assign the plaintiff the said stock. Breach, refusal to assign, &c. *Held*, that the declaration showed a sufficient consideration for the defendant's promise without an averment that the provision in the will for the plaintiff which he retained was not equal to his share of his father's real and personal estate as heir-at-law and next of kin.

On demurrer to the declaration.

Argued at November Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Voorhees & Cotter*.

For the defendant, *H. A. Fluck* and *J. A. Bullock*.

The opinion of the court was delivered by

DEPUE, J.  The parties to this suit are children and heirs-at-law and of the next of kin of John Grandin, deceased. The agreement sued on was made on the settlement of a dispute over the probate of the will of the deceased.

The declaration alleged in substance that the plaintiff and defendant were children of John Grandin, deceased; that the deceased died seized and possessed of real and personal estate; that the deceased by his will made some provision for the plaintiff, and made the defendant a residuary legatee; that the plaintiff filed a *caveat* against the probate of the will; that in consideration that the plaintiff would withdraw the *caveat* and make no further opposition thereunder to the probate of the will, and would also assign to the defendant and one J. F. G. all his (the plaintiff's) right, title and interest in the real and

personal estate of the deceased, other than the interests the plaintiff had under the will, the defendant promised and agreed to pay plaintiff the sum of $300, and also to assign to the plaintiff two hundred shares of the capital stock of the Lehigh Valley Railroad Company. The declaration avers that the plaintiff withdrew the *caveat*, and made no further opposition thereunder to the probate of the will, and assigned his right, title and interest in the real and personal estate of the deceased, in conformity with his agreement ; and that the defendant paid the $300, but refuses to assign the plaintiff the said stock. Breach, refusal to assign, &c.

The ground of demurrer is that the declaration does not contain a sufficient allegation of consideration to support the promise.

The compromise of a doubtful claim actually in suit is in law a sufficient consideration to support a promise, if the agreement to compromise operates as an extinguishment of the claim of the promisee. The extinguishment of the promisee's rights in the premises by force of the compromise is in such cases the benefit to the promisor which gives it the effect of a consideration. *Conover* v. *Stillwell*, 5 *Vroom* 54, 58. This general rule is admitted. The contention is that the declaration fails to aver such substance in the plaintiff's rights in the premises as will bring this case within the operation of the rule. The filing of a *caveat* by the plaintiff in the surrogate's office was the commencement of a judicial contest over the will in the Orphans' Court. It was therefore the commencement of a suit by the plaintiff to contest the defendant's right as residuary legatee. The plaintiff's rights in the property of the deceased as an heir-at-law and one of the next of kin gave him a standing in court to litigate the will. The withdrawal of the *caveat* did not restore the jurisdiction of the surrogate to admit the will to probate, and litigation over the will might, notwithstanding the plaintiff's act, be resumed in the Orphans' Court by other persons interested. *Slocum* v. *Grandin*, 11 *Stew. Eq.* 485 ; *S. C.*, 13 *Id.* 342. But the declaration avers that in addition to withdrawing the *caveat,*

the plaintiff did, in conformity with the agreement, assign all his right, title and interest in the real and personal estate of the deceased, other than the interest the plaintiff had under said will. By the assignment the plaintiff divested himself of the interest which would give him a standing to litigate the will in the Probate Court, whose judgment upon the validity of the will as a disposition of personalty, unreversed on appeal, would be a finality, and he also divested himself of the right to contest the will as a demise of lands by action of ejectment. By the agreement of compromise and the execution of it, the plaintiff not only deprived himself of the ability to litigate the probate of the will, but also conferred upon the defendant and his associates an indefeasible title to all the estate, real and personal, of the deceased which would have come to the plaintiff as one of the heirs-at-law and next of kin, other than the portion he would take under the will. This assignment of the plaintiff's interest in his father's property would stand, although the will should be set aside at the instance of other persons interested. To this extent the defendant must be regarded as a purchaser of a contingent interest in the estate of the deceased.

But it is insisted that the declaration is defective in that it contains no averment that the portion given to the plaintiff by the will, and which by the agreement he retained, was not equal to the share the plaintiff would have taken in case the deceased had died intestate. *Seaman* v. *Seaman,* 12 *Wend.* 381, was relied on to support this contention. In that case it was held that the withdrawal of a *caveat* by an heir-at-law was a sufficient consideration for a promise by the devisees to pay the heir a specific sum, but that the declaration on the promise must aver that provision was not made for the plaintiff by the will equal to that which he would have taken as heir if there had been no will ; for without such an averment, as was said by the court, it would not sufficiently appear that the plaintiff was particularly interested in setting aside the will, and without this he could have no interest in contesting it before the surrogate. This decision was followed

and applied in *Busby* v. *Conway*, 8 *Md.* 55, to the extent of holding that it was a fatal objection to a declaration in such a suit that it failed to allege that the testator left assets, after the payment of debts, in which the plaintiff would have had an interest.

It is conceded that where the transaction is simply between an heir and devisees, and there is no contingency which might affect the *quantum* of the estate to be divided—as the court seems to have regarded the transaction in Seaman *v.* Seaman— a promise to pay an heir-at-law a sum of money to induce him to withdraw a *caveat*, would be without consideration. Such an arrangement would leave the rights of the parties, after the compromise, just where they were before. No right of the plaintiff would be extinguished or affected by the compromise, and the promise to pay would be without consideration—no benefit accruing to the promisor by the arrangement. *Conover* v. *Stillwell*, 5 *Vroom* 54, 59. A declaration disclosing such a transaction would be bad on demurrer. In *Kaye* v. *Dutton*, 7 *M. & G.* 807, it appeared in the declaration that the plaintiff had no interest in the premises released except a lien for certain moneys he had paid as security for a mortgage debt, and his release of the mortgaged premises expressly reserved to him his lien on the property. The identical interest he had he reserved, and the release amounted to nothing. It appeared on the face of the declaration that the contract of compromise left the parties' rights just as they were before. Hence, the promise to pay appearing to be wholly without any consideration, the declaration was adjudged to be bad.

The rule of pleading adopted in Seaman *v.* Seaman cannot be recognized as a general rule applicable to agreements between heirs or next of kin and devisees and legatees, without denying the power of persons interested in estates of decedents to make a compromise of disputes before the final settlement of the estate is effected.

*Edwards* v. *Baugh*, 11 *M. & W.* 641, is the leading case on this subject. The declaration alleged only that certain disputes and controversies were pending between the plaintiff and

Grandin v. Grandin.

defendant as to whether or not the defendant was indebted to the plaintiff in a certain sum; whereupon, in consideration that the plaintiff promised the defendant not to sue him for the sum in dispute, the defendant promised to pay him £100. The court held that this was not a good allegation of consideration, for a man may threaten to bring an action against any stranger he may happen to meet in the street. The court added that the case might have been different if the declaration had said, " whereas the defendant was indebted to the plaintiff in divers sums of money for money lent, &c., and a dispute arose as to the amount of the debt so due; and in order to put an end to all controversies respecting it, it was agreed that the plaintiff, in consideration of receiving £100, should not sue the defendant in respect of his original claim." Lord Abinger also added that " where an action is pending, forbearing to prosecute it is a sufficient consideration for a promise to pay a certain sum of money; for, besides other advantages, the party promising would save the extra costs which he would have to pay even if he were successful." The principle of this decision is that the declaration did not disclose any subject matter in relation to which disputes and controversies had arisen which had become a matter of compromise.

In *Smyth* v. *Holmes*, 10 *Jur.* 862—a case in some respects similar to Edwards *v.* Baugh—the declaration alleged that certain differences were pending between the plaintiff and defendant which had been referred to arbitration, and that the parties had agreed that on the payment of the sum of $200 by the defendant the reference should cease. Breach, the non-payment of the $200. The declaration was held good. In this case Baron Parke commented on Edwards *v.* Baugh as distinguished in the fact that in that case there was merely an unexecuted agreement of discharge by the plaintiff; whereas in the case then in hand the parties had abandoned the agreement of reference, by putting an end to which each of them got some immediate advantage. In *Smith* v. *Monteith*, 13 *M. & W.* 426, the declaration stated that an action by the plaintiff had been commenced against D.; that D. was arrested

and in custody under a *capias* in that action, and that the defendant, in consideration that the plaintiff would discharge D. out of custody, promised to pay the plaintiff a certain sum. It was objected that the declaration contained no allegation that the plaintiff had a good cause of action, or even a doubtful claim, against D. The court sustained the declaration as being *prima facie* sufficient—the former action being presumed to be for cause, and the *capias* being presumed to have been properly issued.

The compromise of a disputed claim made *bona fide* is a good consideration for a promise, whether the claim be in suit, or litigation has not been actually commenced, even though it should ultimately appear that the claim was wholly unfounded—the detriment to the party consenting to a compromise, arising from the alteration in his position, forms the real consideration which gives validity to the promise. The only elements necessary to a valid agreement of compromise are the reality of the claim made and the *bona fides* of the compromise. *Cook* v. *Wright*, 1 *B. & S.* 559–570 ; *Callisher* v. *Bischoffsheim, L. R.* (5 *Q. B.*) 449 ; *Ockford* v. *Banelli*, 25 *L. J.* 504 ; *Miles* v. *N. Z., &c., Est. Co.*, 32 *Ch. Div.* 267, 283, 291, 298.

The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made. *Naylor* v. *Winch*, 1 *Sim. & Stu.* 555 ; *Lucy's Case*, 4 *DeG., M. & G.* 356 ; 1 *Story's Eq.* 131 ; 2 *Pom. Eq. Jur.*, § 855.

The declaration alleges a real subject matter of dispute— the estate of the decedent, in which the plaintiff was interested as an heir-at-law and next of kin, and the defendant as residuary legatee—a dispute over the testamentary disposition of the estate, and an agreement of compromise wholly executed by the plaintiff, and accepted and in part executed by the defendant. A declaration setting out these facts shows a sufficient consideration for the defendent's promise. An averment that the provision in the will for the plaintiff, which he retained, was not equal to his share of his father's real and

personal estate, as heir-at-law and next of kin, would make an issue on the adequacy of the consideration; and the court will not inquire into the adequacy of the consideration where there is a subject matter of compromise and the compromise was *bona fide.* If the agreement of compromise was obtained by fraud, the defendant, as in *Smith* v. *Monteith, supra,* must make the defence by plea.

The plaintiff should have judgment on the demurrer.