WANAMASSA AMUSEMENT PARK ASSOCIATION ET AL., PLAINTIFFS IN ERROR, v. A. JUDSON CLARK, DEFENDANT IN ERROR.

1. In the absence of a bill of exceptions, error may not be assigned upon matter that such bill should contain.
2. The fact that the case was tried by the court, a jury being waived, does not abrogate this rule.

[*Submitted March 25th,* 1898 ; *decided June 20th,* 1898.]

On error to the Essex Circuit.

For the plaintiffs in error, *R. T. & W. B. Stout* and *Halsted H. Wainright.*

For the defendant in error, *John A. Miller.*

The opinion of the court was delivered by

GARRISON, J.    Error is assigned upon a judgment of the Circuit Court.    There is no bill of exceptions, and as the judgment is in common form, rendered upon a general issue to the common counts, there is nothing upon which the writ of error can operate.    In such case, in the absence of a bill of exceptions, error may not be assigned upon matter that such bill should contain, neither can the judgment below be reversed.    *Robbins* v. *Vanderbeck*, 26 *Vroom* 364.

The fact that the case was tried by the court, a jury being waived, while it alters the practice, does not abrogate the canon of common law procedure in this respect.    The two essentials of that procedure are that the facts in controversy cannot be transferred to the higher court for the purpose of review, and that the particular portions of the judicial conduct that are considered erroneous must be specified and embodied in the judicial certificate.    *Mills* v. *Mott*, 30 *Vroom* 15.

In the present case nothing appears but the record itself, and the judgment must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH.    14.

*For reversal*—None.