WILLIAM B. LEWIS, DEFENDANT IN ERROR, v. SAMUEL L. LEWIS, BUILDER, AND ANNA H. NOYES, OWNER, PLAINTIFFS IN ERROR.

Argued March 20, 1901—Decided June 17, 1901.

1. A writ of error in an ordinary action brings up for review nothing but the record of the judgment and the bills of exception.
2. A judgment will not be reversed for technical defects in the record which are not noticed in the brief or argument of counsel for the plaintiff in error.

On error.

For the plaintiff in error, *William R. Wilson*.

For the defendant in error, *Patrick H. Gilhooly*.

The opinion of the court was delivered by

DIXON, J. The object of this writ of error is to reverse a judgment rendered by the Union Circuit Court in an ordinary suit upon a mechanic's lien claim. As the return to the writ, various matters are printed in the book submitted to the court which cannot legally be embraced in the return. The common law return to the writ contains simply a transcript of the record from the book of judgments or judgment roll (*M'Courry* v. *Doremus*, 5 *Halst.* 245), and by section 245 of the Practice act the return is also to contain the bills of exception, if there be any. There is no bill of exceptions in the present case, and consequently the record of the judgment is the only subject for consideration.

This record is printed on page 14 of the book, and is certainly defective, as it fails to set forth the substance of the declaration, which is requisite, both by the common law and by our statute. *Practice act,* § 192. The fourth, eighth and ninth assignments of error are sufficient to warrant our noticing this defect, and if counsel for the plaintiff in error had relied on such defect in his argument it would have required us to reverse the judgment, or to remit the record to the Circuit Court for amendment, or to amend it here in accordance with the copy of the declaration contained in the printed book. But as counsel made no reference to this defect, we are not called upon to take any action regarding it.

The other assignments of error, complaining (1) of the proceedings at the trial, (2) of the lack of legal authority in the judge who presided at the trial to hold a Circuit Court, (3) of his lack of authority to amend a lien claim, (4) of a variance between the declaration and the lien claim, and (5) of a variance between the declaration and the summons, all relate to matters which do not, and legally cannot, appear on the face of the record, and as those matters are not brought before us by bills of exception, or other legal

process; the assignments are unavailing. *Wanamassa Park Association* v. *Clark, 32 Vroom* 611.

The judgment should be affirmed and the record remitted to the Circuit Court, where its formal defects may be amended.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—THE CHIEF JUSTICE. 1.