THE IRVING NATIONAL BANK v. ANNIE DEAN ELLIS.

Argued June 7, 1906—Decided November 12, 1906.

A written and signed offer of guaranty made by one party to another is not a completed agreement until it is delivered to and accepted and acted upon by the party for whose indemnity it is given. The law of the place at which it is accepted and acted upon controls, as to the validity of the instrument, unless otherwise declared in the writing itself.

On rule to show cause.

Before Justices FORT, GARRETSON and PITNEY.

For the plaintiff, *Hartshorne, Insley & Leake.*

For the defendant, *Carrick & Wortendyke.*

The opinion of the court was delivered by

FORT, J.   The defendant in this case is a married woman. On the 19th of March, 1904, she signed an agreement in

writing agreeing to indemnify the plaintiff, the Irving National Bank, of New York, against loss, to the extent of $25,000, for any loans made to A. J. Ellis & Company which were not paid by Ellis & Company at maturity.

Subsequently loans were made upon the strength of this guarantee, upon which, at the time of the institution of this suit, a balance of $10,748.98 of principal money remained due and unpaid, and the verdict in this case is for that amount, with interest.

The defences as pleaded by Mrs. Ellis are:

*First.* That the agreement was procured by fraud.

*Second.* The agreement was procured by her husband's duress.

*Third.* That she was a married woman.

Issue was joined on the first and second pleas, and a replication was filed to the third, alleging that the agreement of guarantee was made and delivered by the defendant to the plaintiff in the State of New York, and that by the statute of that state, which is quoted in the replication, such a contract is validated. To this replication the defendant rejoined, denying that the agreement of guarantee was delivered in the State of New York, but she did not challenge the allegation in the replication that the law of the State of New York, if the agreement of guarantee was delivered there, validated the agreement.

There was also a fourth plea, that the plaintiff had extended credit beyond the $25,000.

On the trial the allegation of fraud in procuring the agreement, alleged in the first plea, was abandoned.

The allegation of duress on the part of the husband, alleged in the second plea, was submitted to the jury, and they have found against the defendant on that issue.

As to the allegation in the fourth plea, that credit was extended in excess of $25,000, we find that it is not supported by the proofs nor by the verdict.

The only remaining question is that raised by the third plea, which alleges that the defendant is a married woman, and that the contract was delivered within this state, and hence void under our statute.

The defendant urges that the contract was completed upon its execution and delivered to her husband in New Jersey.

It appears that an agreement in blank for the signature of the defendant was drawn in the State of New York, at the plaintiff's bank, and it was delivered or mailed to the husband of the defendant. He had made the arrangement with the bank, and had agreed to procure his wife's guarantee in order to induce the bank to extend the credit desired by A. J. Ellis & Company, in which he was an officer. None of the officers of the bank had any dealings directly with Mrs. Ellis. After the agreement was signed by Mrs. Ellis it was taken by her husband and either mailed to the bank from New Jersey or by being deposited in a letter-box in the city of New York. Upon that the proof is indefinite.

On the proof, therefore, there was no error on the part of the trial judge in refusing to direct a verdict for the defendant on the ground that the contract was completely executed within the State of New Jersey; but we do not think, even if the agreement as signed by Mrs. Ellis was mailed in New Jersey, that under the law its mailing constituted a delivery of the guarantee in New Jersey so as to make it a completed contract here.

It is undoubtedly the rule that where a proposition proceeds from one side and is accepted by the other that the contract is complete, and in cases where the acceptance is made and delivered in the mail addressed to the person making the proposition, the contract operates as of the time of such delivery. There both parties have done all that can be done, and even though the agreement be lost in the mail, the contract is none the less in force between the parties. *Commercial Insurance Co.* v. *Hallock*, 3 *Dutcher* 645; *White* v. *Corlies*, 46 *N. Y.* 469.

The rule, therefore, that the depositing of a letter in the post-office binds the other party prior to its receipt relates only to cases where that party has offered to be bound upon a proposition being accepted, or under similar conditions.

In the case before us there was no proposition from the bank. It simply drew a paper, which, if the defendant signed,

and it was received by the bank and accepted and acted upon by it, upon its receipt, was to be a binding obligation upon the part of the defendant. The bank might have rejected this paper after its receipt, or refused to act upon it, as there was no legal obligation on its part to Mrs. Ellis, who had signed the paper, nor to any other person. The agreement was to be acted upon after it was received by the bank, and would become operative only after the bank had accepted it and acted upon it and made loans to A. J. Ellis & Company. *Brandt S. & G.,* § 167.

We think the guarantee of Mrs. Ellis first became a valid contract in the State of New York when the bank acted upon it and accepted it, and made loans to A. J. Ellis & Company after the receipt and acceptance of it.

Under this view of the law it becomes unnecessary to consider whether it was error in the trial judge to refuse to submit to the jury the question of whether the agreement of guarantee was or was not mailed in New Jersey.

Being of the opinion, therefore, that under the proof this agreement first became operative within the State of New York, the rule in the case of *Thompson* v. *Taylor,* 37 *Vroom* 253, applies, namely, that "the contract, being valid in New York, may be enforced against a married woman in this state, although such contract, if made here, would be void."

The rule to show cause is discharged.