*48 Vroom.* Mayer v. Roche.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.

*For reversal*—None.

YALE LAW LIBRARY

MILTON MAYER, DEFENDANT IN ERROR, v. KATHARINE G. ROCHE, IMPLEADED, PLAINTIFF IN ERROR.

Submitted June Term, 1909—Decided November 15, 1909.

1. The proper law of the contract is the law by which the parties thereto intended, or may fairly be presumed to have intended, the contract to be governed.
2. A note dated in New York and payable in New York is, in the absence of facts evincing another intention, governed by New York law, although the maker resided in New Jersey and signed the note in this state.
3. A married woman resident in New Jersey signed a note in this state as accommodation guarantor or surety; the note was dated and payable in New York, but it did not appear where it was delivered to the payee. *Held*, that it was a New York contract and that the married woman was liable upon the note under the law of that state.

On error to the Supreme Court.

For the plaintiff, defendant in error, *Tennant & Haight.*

For the defendant, plaintiff in error, *Robert L. Lawrence.*

The opinion of the court was delivered by

SWAYZE, J. This is an action on a promissory note. The plaintiff in error appears to be a joint maker. The facts were agreed on, and the case tried before the court without a jury.

It was admitted that the note was signed by Mrs. Roche in this state, where she resided, that she received nothing thereon, and was either an accommodation guarantor or surety for the other makers. The note is dated and payable in New York, but it does not appear whether it was delivered in that state

or in New Jersey. The case, therefore, differs from *Thompson* v. *Taylor,* 37 *Vroom* 253, where it appeared that the wife delivered the note to the husband without limitation of the use he might make of it, and that he transferred it to the payee in New York City. It differs also from *Mechanics Bank* v. *Chardavoyne,* 40 *Id.* 256, where the wife had clothed her husband with apparent authority to use the note as he chose and he had negotiated it in Brooklyn.

We held in Thompson *v.* Taylor that the law of the place of contract was decisive on the question of incapacity to contract incident to coverture. The question in this case is whether, upon the bare facts above stated, the place of contract was New York or New Jersey.

The expression "place of contract" is in itself ambiguous, since it may mean either the place where the contract is entered into or the place where it is to be performed. *Dic. Con. L.* 726; *Pritchard* v. *Norton,* 106 *U. S.* 124. In the English and American cases, however, it has come to be used generally as signifying the place where the contract is entered into, and since the law of that place does not always control, the cases seem sometimes to be more at variance than they really are. In the English courts it has finally been held that the proper law of the contract is the law or laws by which the parties to a contract intended, or may fairly be presumed to have intended, the contract to be governed. *Hamlyn* v. *Talisker Distillery* (1894), *App. Cas.* 202, a careful and learned review of which by Judge Schofield is to be found in 9 *Harv. L. R.* 371. This rule is substantially that expressed by Lord Mansfield in *Robinson* v. *Bland,* 2 *Burr.* 1077, and more exactly by Chief Justice Marshall in *Wayman* v. *Southard,* 10 *Wheat.* 48, where he said that in every forum a contract is governed by the law with a view to which it was made. The same rule seems to have been in the mind of Lord Denman in *Rothschild* v. *Currie,* 1 *Adolph. & E.* (*N. S.*) 43, and was distinctly stated by Mr. Justice Willes in *Lloyd* v. *Guibert, L. R.,* 1 *Q. B.* 115, and by Lord Bowen in *Jacobs* v. *Credit Lyonnais London Agency,* 12 *Q. B. D.* 589; 53 *L. J. Q. B.* 156. The same rule has been adopted by the United States

Supreme Court. *Pritchard* v. *Norton,* 106 *U. S.* 124; *Coghlan* v. *South Carolina Railroad Co.,* 142 *Id.* 101. Mr. Justice Gray, in *Liverpool and Great Western Steam Co.* v. *Phenix Insurance Co. (The Montana),* 129 *Id.* 397, used a form of statement which treated the place where the contract was made as the general rule, but allowed an exception where the parties had a different jurisdiction in view. The later form of statement, which treats the proper law of the contract as that which the parties intended, or may fairly be presumed to have intended, is the more accurate. It harmonizes with the general rule which leads the courts to give effect to the intentions of the parties as far as they are embodied in words, and it does away with the apparent discrepancy between cases like the one last cited, which adopts the law of the place where the contract is made, and cases like *London Assurance* v. *Companhia De Moagens,* 167 *Id.* 149, where the court said: "Generally speaking, the law of the place where the contract is to be performed is the law which governs as to its validity and interpretation." The place where the contract is made and the place where the contract is to be performed are both important *indicia* of the law by which the parties may fairly be presumed to have intended that the contract should be governed, but neither is necessarily conclusive, as appears by the decision in *Lloyd* v. *Guibert,* already cited, where the law which governed was the law of the flag under which the ship sailed, and not the law of the place where the contract was made, nor the law of the place where it was to be performed. The rule of following the intention of the parties has also the merit of flexibility and will cover all cases which can arise. No less general rule can do so. As Lord Bowen said in *Jacobs* v. *Credit Lyonnais London Agency:* "Stereotyped rules laid down by judicial writers cannot, therefore, be accepted as infallible canons of interpretation in these days when commercial transactions have altered in character and increased in complexity; and there can be no hard and fast rule by which to construe the multiform commercial agreements with which in modern times we have to deal."

What then must be presumed to have been the intention of

the parties to the note in suit as to the law by which their contract was to be governed? We think the fact that it was dated in New York indicates that the parties meant to be bound by New York law. It has been so held in our Supreme Court in *Hoppins* v. *Miller*, 2 *Harr.* 185. In addition the fact that the note was payable in New York is sufficient of itself to justify the conclusion that New York law was the law contemplated. It has been so held in this state in cases involving the question of usury. *Ball* v. *Consolidated Franklinite Co.*, 3 *Vroom* 102; *Freese* ads. *Brownell*, 6 *Id.* 285. Authority in other jurisdictions is ample. *Andrews* v. *Pond*, 13 *Pet.* 65; *Pritchard* v. *Norton*, 106 *U. S.* 124; *London Assurance* v. *Companhia De Moagens*, 167 *Id.* 149; *Shoe and Leather National Bank* v. *Wood*, 142 *Mass.* 563.

This view of the presumed intention of the parties, based upon the well settled rules as to the effect of the place where the contract is made and the place where it is to be performed, is in accord also with the general principle, which would lead us to hold that the parties meant to make a binding contract, and that neither meant to mislead the other.

For these reasons we think the note in question is governed by the New York law, and as it is admitted that by that law a married woman is liable upon a promissory note, although she is only an accommodation guarantor or surety, the learned trial judge rightly found in favor of the plaintiff, and the judgment is affirmed, with costs.

It may be well to repeat the caution of our opinion in Thompson *v.* Taylor, that we do not decide that the same rule would apply if the parties resorted to another jurisdiction or agreed to be bound by foreign law as a mere device to escape the provision of the New Jersey statute.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   15.

*For reversal*—None.