CESARE BASILEA, DOMENICO CALANDRA AND ANDREW CUNEO, PARTNERS TRADING UNDER THE NAME OF BASILEA & CALANDRA, PLAINTIFFS AND APPELLEES, v. IRENA SPAGNUOLO, DEFENDANT AND APPELLANT.

Argued February 16, 1910—Decided September 15, 1910.

A note signed by a husband was made payable to the order of his wife, who endorsed it for the husband's accommodation, and he delivered the note to his creditors in New York City. The note was dated and made payable in New Jersey. *Held*, that in the absence of any evidence showing that the husband was empowered by the wife, expressly or impliedly, to pass away the note else-where than in New Jersey, it would be presumed to be a New Jersey contract.

---

On appeal from judgment rendered in the First District Court of Newark.

Before Justices REED, TRENCHARD and MINTURN.

For the plaintiffs and appellees, *Herbert Boggs.*

For the defendant and appellant, *Munn & Church.*

The opinion of the court was delivered by

REED, J. This action was brought to recover the amount due on a promissory note, of which the following is a true copy:

"$374.41–100

NEWARK, N. J., Aug. 19, 1907.

Forty-five days after date, I promise to pay to the order of Irena Spagnuolo, three hundred and seventy-four and 41–100 dollars, at 23 Adams St., Newark, N. J.

Value received.

Dated Oct. 3, '07.

(Signed) V. SPAGNUOLO.

Endorsed—IRENA SPAGNUOLO.

BASILEA & CALANDRA."

The state of the case shows the following facts: The note in question was endorsed by Irena Spagnuolo, in the city of Newark, Essex county, New Jersey, her place of domicile, and was payable, as appears from its terms, at 23 Adams street, Newark, New Jersey. Irena Spagnuolo was, at the time of the making of the note, and now is, the wife of Vincenzo Spagnuolo, the maker thereof, and the plaintiffs had notice of this fact. The endorsement of the note in question, and prior notes of which the note in question was given as renewal made by Irena Spagnuolo, wife as aforesaid, was purely an accommodation endorsement, and no consideration moved, nor benefit accrued to the said wife or to her separate property by reason of said endorsement.

The note was actually presented for payment at No. 23 Adams street, Newark, New Jersey, and duly protested for non-payment, and notice of non-payment given to the endorser

by mailing the same on the 3d day of October, 1907, to Irena Spagnuolo, at No. 23 Adams street, Newark, New Jersey.

The plaintiffs are partners, trading under the name and style of Basilea & Calandra, and are the lawful owners of the note which was given to them in renewal of a pre-existing note for the same amount, executed and endorsed by the same parties. The note in question was received by the plaintiffs from the said Vincenzo Spagnuolo, at No. 48 Harrison street, New York, on or about the 19th day of August, 1907.

The question arising upon these facts was whether the contract of the married woman as endorser was made in New Jersey or in New York. It is admitted that if her contract was a New Jersey contract, as the endorsement was for the accommodation of her husband, it was a nullity under the New Jersey statute; while if it was a New York contract, it was valid by the laws of the State of New York, and enforceable against the wife in the courts of this state.

The trial court found for the plaintiffs, obviously upon the theory that it was a New York contract.

In ascertaining the law to be applied to the solution of the question thus mooted, the rule laid down by the Court of Errors and Appeals in *Mayer* v. *Roche,* 48 *Vroom* 681, is to be applied. The proper law of a contract is the law by which the parties intended, or may fairly be presumed to have intended, to be governed. In the case of *Mayer* v. *Roche, supra,* the accommodation note made by a married woman was signed and made payable in the State of New York; and it did not appear whether the note was delivered in New York or New Jersey. Upon this state of facts the married woman was held upon the ground that her contract was made in New York; that inasmuch as it was signed and made payable there, it was presumptively made there.

In the present case, it is perceived that the note was not only dated in this state, but it was made payable in this state. If nothing else appeared in the case it would be clear that the contract would be regarded as one made in New Jersey, and so presumed to be controlled by the law of this state relative

to the capacity of a married woman to enter into such a contract.

The query remains whether this presumed intention is affected by the fact that the husband delivered the note to the holders in New York City. In *Thompson* v. *Taylor,* 37 *Vroom* 253, the defendant, a married woman, was the maker of an accommodation note to the order of her husband and payable in New York City. The note was delivered to the husband without any express limitation on the use to be made of it by him. He took the note to the city of New York and transferred it, with his endorsement, to the plaintiff, to take up some notes which the plaintiff then held. The plaintiff knew that the defendant was a married woman; but it was held that the contract was made in New York. In delivering the opinion in the Court of Errors and Appeals the learned judge remarked: "The facts certified showed that the note was a contract made in New York without reference to the legal rule that a note made payable at a particular place is to be treated in all respects as if made at that place, for which abundant authority was stated in the brief of the plaintiff's counsel." In that case, as is perceived, the fact of delivery in New York was fortified by the fact that the place of payment was also in that jurisdiction, and it was therefore unnecessary to decide what the prevailing presumption would have been had the note been payable in New Jersey instead of in New York.

It would seem that where a wife hands her accommodation note to her husband for the purpose of having it put into existence in another state, then, upon delivery by the husband, it becomes her contract in that state, although dated and to be paid in the state of her domicile. So where a wife permits her husband to use her accommodation paper, which paper purports to be dated and payable elsewhere than the place of her domicile, the use by the husband of the paper where payable can be held to bind her, because the holder has been misled by the face of the note. *Chemical National Bank* v. *Kellogg,* 183 *N. Y.* 92.

In the present case there was no estoppel arising from the face of the note, for it exhibited the fact that it was signed

and payable in New Jersey; nor is there any proof that the wife directed or authorized the negotiation of the paper in New York City, or elsewhere than in the place where the note was presumably made. There is indeed nothing to show that the wife gave any instructions to her husband respecting the place of delivery, or that she had any knowledge respecting the disposition which was to be made of the endorsed note. All that appears is that the husband passed the note to the plaintiffs in New York.

I am of the opinion that the presumption arising from the face of the note was that it was a New Jersey contract; and in the absence of other testimony authorizing the husband to pass it in New York, the parties are presumed to have intended the laws of the State of New Jersey to govern the contract.

The judgment should be reversed.