### JOFFE et al. v. BONN.

(Circuit Court of Appeals, Third Circuit. July 3, 1926.)

No. 3355.

**1. Usury ⚖️76, 88.**

Under General Business Law, N. Y. § 373, usurious note in New York is void, and, when void in its inception, continues so whatever its subsequent history, and the taint attaches to all renewal notes.

**2. Usury ⚖️76.**

Under 4 Comp. St. N. J. 1910, p. 5705, a usurious note is void in New Jersey only to extent of usury.

**3. Usury ⚖️119.**

Where loan was made on condition that borrower stand loss that lender would take on securities in order to raise money, question of

whether loan was usurious *held* properly left to jury.

**4. Contracts ⚖️72.**

Generally forbearance to prosecute cause of action under right honestly asserted, in belief that it is substantial, although in fact unfounded, is "valuable consideration," which will support a promise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Valuable Consideration.]

**5. Usury ⚖️2(1).**

General Business Law, N. Y. § 373, providing forbearance to sue on usurious note, would not validate renewal note, does not control as to renewal note made in New Jersey, if it was parties' intention that laws of New Jersey should control.

**6. Bills and notes ⚖️117.**

In absence of anything to contrary, fact that parties made note in one jurisdiction to be paid in another will justify conclusion that they intended law at place of performance to govern.

**7. Contracts ⚖️144.**

Where contract made in one place, to be performed in another, is valid in one place and void in the other, it will be presumed, in absence of express declaration or controlling circumstance, that contract was to be governed by laws of place validating it.

**8. Usury ⚖️119.**

Where alleged usurious note given in New York was renewed in New Jersey, on consideration of forbearance to sue, jury were properly permitted to determine laws of which state controlled contract.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by John Bonn against Ida Joffe and another. Judgment for plaintiff, and defendants bring error. Affirmed.

James Morgan Sheen, of New York City, for plaintiffs in error.

Philip J. Warner and Warner & Warner, all of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. On February 4, 1921, at Rochester, N. Y., one of the defendants below, Nathan Joffe, made and delivered to John Bonn two promissory notes for $5,000 each, payable six months after date at Rochester, with 6 per cent. interest. It appears that Joffe did not receive the money intended to be secured by the notes wholly or in part at the time the notes were given, but on February 8, 1921, he received $3,635.84, and on March 2, 1921, he received $4,810.89, making a total of $8,446.73. Joffe renewed

these notes at maturity from time to time, and at each renewal paid the interest on them.

At the renewal of the notes on August 14, 1922, his wife, Ida W. Joffe, signed them with her husband. A payment on them of $1,000 was made on November 14, 1922, and a new note for $9,000 was signed by both Nathan Joffe and Ida E. Joffe. This note, which was made and dated in Philadelphia, was renewed on February 14, 1923, for two months. On April 16, 1923, it was reduced to $8,500 by a payment of $500 and was renewed for three months. This note for $8,500 was made and mailed in Atlantic City, N. J., and was payable in Rochester, N. Y. It was not paid at maturity, and suit was brought on it. The case was tried to the court and jury, and a verdict was rendered for the plaintiff, and judgment was entered for $8,824.39, which represents $7,937.98 principal and $886.41 interest. The case is here on defendant's writ of error.

Usury was the defense set up. The defendant Nathan Joffe and the plaintiff, Bonn, were friends. Joffe visited Bonn in Rochester and requested a loan of $10,000. He told Joffe that he did not have the money in cash but that he did have certain securities, some of which were pledged as collateral for a loan with the Central Bank of Rochester, and that he was willing to dispose of them, pay the bank, and loan him the money, provided that he (Joffe) was willing to stand the loss on the sale of the bonds as some of them were at that time selling below par. Joffe agreed to this. The securities were sold at a loss of $1,553.27, and Joffe received $8,446.73 which was the difference between $10,000 and the loss on the securities. Defendants contend that the $1,553.27 was usury, and that the notes and the renewals were void.

The state of New York (General Business Law [Consol. Laws, c. 20] §§ 370, 371) provides with regard to usury as follows:

"The rate of interest upon the loan or forbearance of any money, goods, or things, in action, except as otherwise provided by law, shall be six dollars upon one hundred dollars, for one year, and at that rate, for a greater or less sum, or for a longer or shorter time.

"No person or corporation shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan or forbearance of any money, goods or things in action, than is above prescribed."

[1, 2] So in New York a usurious note is void, and, if void in its inception, it continues to be entirely and absolutely void, whatever its subsequent history may be. Chapter 25, § 373, P. L. 1909 (Consol. Laws, c. 20); Claflin v. Boorum, 122 N. Y. 385, 388, 25 N. E. 360; Sabine v. Paine, 223 N. Y. 401, 119 N. E. 849, 5 A. L. R. 1444. When the original note is usurious, the taint attaches to all notes in renewal or growing out of the original note. Treadwell v. Archer, 76 N. Y. 196. In New Jersey, however, a usurious note is void only to the extent of the usury. 4 Compiled Statutes of New Jersey, p. 5705.

The first question to determine here is whether or not the original note was usurious within the meaning of the New York statute. If it was, the note was void, and the taint attached to the renewal note in question, and it also is void, unless it is a new note, based on a new consideration, and the parties intend that it should be controlled by the laws of New Jersey.

[3] The plaintiff contends that the original note was not usurious. The value of securities fluctuates. At the time the defendant borrowed this money, the securities in question were below par. The plaintiff did not have to sell them, nor did he have to befriend the defendant at such a sacrifice in this condition of the stock market. Had he held the securities, as he apparently intended to do until pressed by Joffe for help, he might have finally sold them above par. But, in order to help his friend, he had to sell them and with them the chance of gain on their appreciation. He was willing to help Joffe, but was not willing to sacrifice his securities in order to do so. On the other hand, Joffe needed assistance and was willing to stand the loss the accommodation to him cost Bonn. This was not the ordinary usurious transaction of a grasping money lender at which the statute is directed. Bonn parted with, not only his securities, but also with his chance of making himself whole upon their appreciation. The learned trial judge, in a very careful and discriminating charge, told the jury that, if the note was usurious and governed by the law of New York, the defense imposed was good, and the plaintiff could not recover, but that, if it was not usurious, he might recover, and that it was its duty to determine from the evidence the facts. The jury evidently found that the note was not usurious, for what it seems to have done was to allow to the plaintiff for the chance of recovering on the appreciation of the securities, the actual loss of $991.25, which the evidence showed he had sustained on their sale, $8,446.73, the proceeds of the sale, and interest of $886.41—all aggregating $10,325.39. From this amount the jury subtracted the $1,500 which had been

paid on the indebtedness. The result is the verdict of $8,824.39 for which judgment was entered.

Again, whatever the facts of the original note may be, the jury could have found that the note on which suit was brought was a new undertaking, controlled by the laws of New Jersey and valid. In his charge, the judge said:

"Assuming that the first note was a corrupt undertaking, was there anything which the parties did which would make this new note, the subject-matter of this suit, upon which Mrs. Joffe is a party, a new undertaking?"

"'A contract is generally deemed to be made in the place where the last act necessary to its validity occurred.' That is the place where it was delivered, and this note was dated in New Jersey, and it was put in the mail in the state of New Jersey, and, if you should find that it was delivered in the state of New Jersey, then it would be governed and controlled by the law of the state of New Jersey, and the law of the state of New Jersey does not make a usurious contract invalid as does the law of the state of New York, but simply voids the contract so far forth as a usurious thing has been enacted and puts the parties in such a position that there can be a recovery for the actual money advanced with lawful interest, but does not permit the recovery of anything in excess of 6 per cent. But the law of the state of New York makes the contract absolutely void. So there is a question for you, gentlemen, whether this last note in suit, where Mrs. Joffe became a party to the instrument, was made and delivered in the state of New Jersey; because, if it was, then it became a new undertaking and would be governed and controlled by the law of the state of New Jersey and not by the law of the state of New York. So that is the first fact question for your consideration, and upon that would turn the question of recovery."

[4] It is a general rule of law that forbearance to prosecute a cause of action, where the right is honestly asserted under the belief that it is substantial, although it may in fact be wholly unfounded, is a valuable consideration which will support a promise. Lipsmeier v. Vehslage (C. C.) 29 F. 175, 179; Safe Deposit & Trust Co. of Pittsburgh v. Wright et al., 105 F. 155, 44 C. C. A. 421; Beebe et al. v. Wells, 153 F. 133, 82 C. C. A. 285; Grandin v. Grandin, 49 N. J. Law, 508, 514, 9 A. 756, 60 Am. Rep. 642; Rue v. Meirs, 43 N. J. E. 377, 380, 12 A. 369. Williston on Contracts, vol. 1, § 135. Bonn rendered an eager-

ly sought service to his friend Joffe, and honestly believed that his claim was substantial and in justice should be paid. There was a new party, a new consideration of forbearance, and a new note, which was made ana mailed in New Jersey.

[5-7] Under the New York statute, forbearance to sue on a usurious note is not a consideration which validates a note in renewal thereof. The effect of this statute, however, is confined to New York, and does not control the note in suit, if it was the intention of the parties that it was to be controlled by the laws of New Jersey. Chief Justice Beasley said that "the doctrine is now entirely indisputable that a contract, with respect to the interest to be paid under it, is, as a general thing, to be construed and governed by the law of that place in which the parties, in good faith, intend it shall be performed." Campbell v. Nichols et al., 33 N. J. Law, 81, 83. As a general rule, the fact that parties make a note in one jurisdiction to be paid in another will, in the absence of anything to the contrary, justify the conclusion that they intend the law of the place of performance to govern. Mayer v. Roche, 77 N. J. Law, 681, 75 A. 235, 26 L. R. A. (N. S.) 763; Andrews v. Pond, 13 Pet. (38 U. S.) 65, 10 L. Ed. 61; Pritchard v. Norton, 106 U. S. 124, 137, 1 S. Ct. 102, 27 L. Ed. 104. Both the place where the contract is made and the place where it is to be performed are important indicia in the determination of the jurisdiction by whose law the parties may fairly be presumed to have intended that the contract should be governed, but neither is conclusive. All the facts disclosed by the evidence must be considered. Lloyd v. Guibert, L. R. 1 Q. B. 115; Mayer v. Roche, supra. Where the place of the making is not the place of the performance of the contract, and the contract is valid in one place and void in the other, the parties, in the absence of express declaration or controlling circumstance to the contrary, will be presumed to have intended the contract to be valid and to be governed by the laws of the place which validates it. They "cannot be presumed to have contemplated a law which would defeat their engagements." Pritchard v. Norton, 106 U. S. 124, 137, 1 S. Ct. 102, 112 (27 L. Ed. 104).

[8] The learned trial judge expressly called the attention of the jury to the fact that the note before us was made in New Jersey and was based upon the consideration of forbearance, and left it to the jury to determine the place whose laws the parties intended to control the contract, and it either found that the

laws of New Jersey were to control or that the original notes were not usurious.

Either finding would support the verdict, and the judgment is affirmed.