205 P.2d 502

**FOWLER v. CHEIRRETT.**

No. 7526.

Supreme Court of Idaho.

April 22, 1949.

R. J. Dygert, of Soda Springs, for appellant.

Black & Black, of Pocatello, for respondent.

KEETON, Justice.

This action was brought on a check for $300 drawn on the Largilliere Company Bankers of Soda Springs, and as found by the court and stipulated by the parties, was given as an alleged compromise of other checks in the sum of $1200 held by the plaintiff in this action, formerly given by the defendant to plaintiff and on which defendant had stopped payment.

In his answer the defendant filed a cross-complaint on a check for $200. The $1200 worth of checks were given in payment of a wager depending upon the result of a pool game in which the defendant, due to lack of skill or poor judgment, lost the sum of $1200. Thereafter, the plaintiff surrendered the $1200 in checks to the defendant and accepted a check for $300 as a claimed compromise settlement of the $1200 worth of checks on which he had stopped payment. The defendant stopped payment on the $300 check, the subject matter of this action.

The case was submitted to the lower court upon a stipulation of facts. The court found that the $300 check in controversy was given for the sole and only consideration of attempting to settle and compromise a gambling transaction involving the $1200 worth of checks hereinabove referred to. The $200 check on which the cross-complaint was based was one given to Kelly Anderson drawn by plaintiff on the First National Bank of Grace and on this check payment was also stopped. The

court found that the $200 check was given by plaintiff in payment of losses in a game of cards played for money and that the defendant in the action knew this when he became the owner of the $200 check. In other words, the $200 represented losses sustained by plaintiff in a gambling transaction.

The court found that the plaintiff could not maintain his action on the $300 check and the defendant and cross-complainant could not maintain his action on the $200 check. The court dismissed plaintiff's complaint and dismissed the defendant's cross-complaint, and assessed the costs of the action against the plaintiff. Because of the view taken by the court we deem it unnecessary to discuss appellant's assignments of error separately.

There is no doubt but that the claimed indebtedness in both instances was an attempted payment of a gambling transaction.

It is the appellant's contention that the $300 check was given under a compromise agreement settling the indebtedness represented by checks of the face value of $1200.

In support of appellant's contention that the facts are simply a compromise and an enforceable obligation, he cites Moran v. Copeman, 55 Idaho 785, 47 P.2d 920. The case is not in point for the reason that in the case cited the parties compromised a legitimate business transaction which was in dispute.

It is almost universally held that a compromise of a claim arising from a gambling transaction does not constitute any consideration for a new promise and the illegal character of the original transaction attaches to the attempted compromise. 24 Am.Jur., p. 454, par. 77.

A new promise based on an illegal, invalid consideration cannot validate the original transaction or any part of it. If a winner in a gambling game could compromise the indebtedness for less amount than the actual losses and recover, then any gambling debt could be compromised and any part less than the total amount collected.

A new promise based on an original void, unenforceable transaction cannot validate it in whole or in part. Union Collection Co. v. Buckman, 150 Cal. 159, 88 P. 708, 9 L.R.A.,N.S., 568, 119 Am.St.Rep. 164, 11 Ann.Cas. 609; Pitkin v Noyes, 48 N.H. 294, 97 Am.Dec. 615, 2 Am.Rep. 218; Grandin v. Grandin, 49 N.J.L. 508, 9 A. 756, 60 Am.Rep. 642; Tyson v. Woodruff, 108 Ga. 368, 33 S.E. 981; Everingham v. Meighan, 55 Wis. 354, 13 N.W. 269; Tompkins v. Compton, 93 Ga. 520, 21 S.E. 79; Siver v. Guarantee Investment Co., 183 Mo. 41, 81 S.W. 1098; Reed v. Brewer, Tex.Civ.App., 36 S.W. 99.

The courts cannot lend their aid to enforcement of a claimed indebtedness based entirely on an illegal consideration.

■ No compromise by the parties of differences in respect to clearly illegal contracts can purge them and produce a valid, enforceable. claim. Everingham v. Meighan, supra.

■ A renewal or new obligation given in place of an original evidence of indebtedness for a gambling consideration has no more validity than the original obligation. The fact that an account has been stated and the debtor has promised to pay a part of a gambling debt does not deprive a debtor of the right to make a defense that the transaction is based on a wager.

■ The rule is that where the original promise is tainted with illegality the taint of illegality cannot be removed by a new promise, based on the alleged consideration of the old one. Union Collection Co. v. Buckman, supra; Siver v. Guarantee Investment Co., supra.

■ The rule that a gambling consideration for an alleged obligation is a good defense as between the original parties applies also to the assignee who takes the same with notice of the original consideration. In this case it is admitted that the defendant and cross-complainant knew of the consideration for the $200 check, the basis of his cross-complaint.

The judgment is affirmed. Costs to respondent.

HOLDEN, C.J., and GIVENS, PORTER, and TAYLOR, JJ., concur.