145 So.2d 254 (1962)
James J. CERNIGLIA, Appellant,
v.
DAVISON CHEMICAL COMPANY, a Corporation and Division of W.R. Grace & Company, Duly Authorized to Do Business in Florida, Appellee.
No. 2779.
District Court of Appeal of Florida. Second District.
October 5, 1962.
Rupert Jason Smith, Fort Pierce, for appellant.
David L. McCain of Carlton & McCain, Fort Pierce, for appellee.
WHITE, Judge.
Appellant James J. Cerniglia is defendant below in an action to recover the balance due on a $35,000.00 promissory note purportedly executed by him and payable to the order of the plaintiff who is the appellee herein. The defendant brings this interlocutory appeal from an order denying his motion to dismiss the complaint. The motion asserted lack of jurisdiction in that the complaint did not contain allegations sufficiently reflecting proper venue in view of Florida Statutes § 46.05, F.S.A.[1]
*255 A true copy of the note sued upon is attached to the complaint and made a part thereof. The note is conventional in form except for a provision that in the event of default action may be brought against the maker in St. Lucie County, Florida  in which county is located the City of Fort Pierce. In the upper right corner of the note is the following inscription:
"Fort Pierce, Fla.
 June 30, 1958."
The question is: Where the face of a negotiable note indicates its place of execution and a true copy of the note is attached to the complaint in an action thereon, is there a presumption that the note was executed at the place so designated or must the plaintiff in view of Florida Statutes § 46.05, supra, specifically allege the place of execution in the body of his complaint? In resolving this question we must determine whether or not the statute in question changes the ordinary requisites of pleading in an action on a promissory note; for if the statute does not effect such change, we have no doubt that the instant complaint prima facie shows jurisdiction and is sufficient to withstand the motion to dismiss.
In 7 Am.Jur., Bills and Notes, § 37, the text reads as follows:
"If * * * the instrument in suit bears a statement of the place of its execution, there is a rebuttable presumption that it was executed at that place. Unless other evidence is introduced, the presumption just referred to is conclusive."
See also Mayer v. Roche, 77 N.J.L. 681, 75 A. 235, 26 L.R.A.(N.S.) 763; 11 C.J.S. Bills and Notes § 657(b and d).
The date specified on the face of a note is somewhat analogous to that of the place. The date on the face of a note is presumed to be correct, and the party claiming the note was given on a different date has the burden of establishing such claim. McQuillan v. Eckerson, 1913, 178 Mich. 281, 144 N.W. 510; National City Bank v. Shelton Electric Company, 1917, 96 Wash. 74, 164 P. 933. See also Fla. Stat., § 674.13, F.S.A., which reads as follows:
"Date of instrument. Where the instrument or an acceptance or any indorsement thereon is dated, such date is deemed prima facie to be the true date of the making, drawing, acceptance or indorsement as the case may be."
Generally in contract actions all that the complaint is required to allege is the execution of the contract, the obligation thereby assumed and the breach. 25 Fla.Jur., Pleadings, § 55. Consistently, Rule 1.10(a), Florida Rules of Civil Procedure, 30 F.S.A., provides:
"All bonds, notes, bills of exchange, contracts, accounts or documents upon which suit may be brought, or a copy thereof * * * shall be incorporated in or attached to the complaint or answer * * *. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts or other instruments in haec verba." (Emphasis added)
The defendant's unverified motion merely alleged that the court was without jurisdiction. At the time that the motion was heard there was no proof offered in support *256 of the motion. We are impelled to the conclusion that since the copy of the litigated note is attached to the complaint and made a part thereof, it was not necessary that the plaintiff re-plead, as it were, the substance of the note.
Florida Statutes, § 46.05 F.S.A. does provide that venue be laid in the county where the note was signed or where one or more of the makers reside. That section, however, does not require that the complaint in effect re-plead that the attached note was in fact made where indicated. To sustain the contrary view would be to indulge the incongruous presumption that the note was executed in some place other than that recited on its face.
Inasmuch as we affirm for the reasons herein set forth, it is unnecessary to discuss any strictly jurisdictional question pertaining to Florida Statutes, § 46.05, F.S.A.
Affirmed.
ALLEN, A.C.J., and KANNER, J., concur.
NOTES
[1] "Venue of action upon promissory notes, etc. All promissory notes, negotiable or non-negotiable, the payment of which is not secured by a mortgage or pledge of real or personal property, shall conclusively be deemed to have been completely executed, delivered and accepted in the county, or justice of peace district, in which actually signed and the maker resides, or in any county, or justice of peace district, in which actually signed by one or more of several makers, or one or more of several makers resides, regardless of the county, or justice of peace district, in which such instrument might be accepted or approved by the payee, and regardless of any stipulation in such instrument as to the place of payment; and the cause of action thereon shall also conclusively be determined to have arisen, and suit thereon shall be brought, only in the county, or justice of peace district, in which such instrument was actually signed by the maker, or one of several makers, or in which the makers reside, or one or more of several makers resides; * * *. This section shall be liberally construed in favor of the makers of the above mentioned instruments." (Emphasis added)